UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDMUND DI LISCIA, et al., **)** | |
| **)** | |
| Plaintiffs, **)** | |
| **)** | |
| v. **)** | Civil Action No. 1:21-cv-01047-TJK |
| **)** | |
| LLOYD J. AUSTIN, III, *et al.*, **)** | |
| **)** | |
| Defendants. **)** | |
| **)** | |

## <u>ANSWER</u>

Defendants Lloyd James Austin III, Secretary of Defense, Department of Defense, Thomas Harker, Acting Secretary of the Navy, Vice Admiral John B. Nowell, Jr., U.S. Navy, Chief of Naval Personnel, Captain Eric J. Anduze, U.S. Navy, Commanding Officer, USS THEODORE ROOSEVELT (CVN 71), Department of the Navy ("Defendants"), by and through the undersigned counsel, hereby file this Answer to Plaintiffs Edmund Di Liscia's, Leandros Katsareas', Dominque Braggs', and Mohammed Shoyeb's ("Plaintiffs") Complaint, ECF No. 1. Answering the allegation of each paragraph of the Complaint and using the same headings, which are not admissions, and paragraph numbers, Defendant responds as follows.

### NATURE OF THE ACTION

1.      Paragraph 1 consists of Plaintiffs' characterization of their request for relief, to which no response is required.  To the extent a response is required, Defendants deny Plaintiffs are entitled to any relief whatsoever.

2.      Defendants admit paragraph 2 to the extent that on December 5, 2018, the Commander, Naval Nuclear Power Training Command approved a request for a religious accommodation allowing Plaintiff to maintain a quarter inch beard in accordance with his religious faith and that

the Commanding Officer of USS THEODORE ROOSEVELT (CVN 71), without proper authority, temporarily authorized U.S. Navy servicemembers to wear beards in intervals limited to 14 days in duration and otherwise denies the remainder of paragraph 2.

3.     Defendants admit paragraph 3.

4.     Paragraph 4 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 4.

5.     Defendants admit the first sentence of paragraph 5.  Defendants lack sufficient knowledge or information to admit or deny the second sentence of paragraph 5.

6.     Defendants admit the first sentence of paragraph 6.  Defendants lack sufficient knowledge or information to admit or deny the remainder of paragraph 6.

7.     Defendants admit paragraph 7.

8.     Defendants admit the first sentence of paragraph 8 to the extent that pursuant to the Bureau of Naval Personnel instruction 1000.22C dated October 8, 2019 ("BUPERINST 1000.22C"), a U.S. Navy commander or commanding officer may grant a temporary shaving waiver to a service member diagnosed with Pseudofolliculitis Barbae and otherwise lack sufficient knowledge or information to admit or deny the remainder of the first sentence of paragraph 8.  Defendants deny the second sentence of paragraph 8.  Defendants admit the third sentence of paragraph 8 to the extent that prior to January 1, 1985, the U.S. Navy permitted servicemembers to wear beards and otherwise deny the remainder of the third sentence of paragraph 8.

9.     Defendants deny paragraph 9.

10.    Defendants deny the first and fifth sentences of paragraph 10.  Defendants admit the second sentence of paragraph 10 to the extent that on April 15, 2021, LCDR Ian H.Taylor, USN, Reactor Electrical Assistant, ordered EMN3 Di Liscia to shave his beard and otherwise deny the remainder

of the second sentence of paragraph 10.  Defendants admit the third sentence of paragraph 10 to the extent that in March 2021, upon transfer to a new department, MC3 Katsareas' previously approved religious accommodation of a four-inch beard was sent for review to the Deputy Chief of Naval Operations (Manpower, Personnel, Training and Education) in accordance with DODI 1300.17, §3.2(g)(1), which is pending, and otherwise deny the remainder of the third sentence of paragraph 10.  Defendants admit the fourth sentence of paragraph 10 to the extent that on February 22, 2021, ABF3 Braggs submitted a request for a religious accommodation of a four inch beard, which is pending, and otherwise deny the remainder of the fourth sentence of paragraph 10. Defendants admit the sixth sentence of paragraph 10.

11.     Defendants admit paragraph 11 to the extent that pursuant to 10 U.S.C. § 815, a U.S. Navy commander or commanding officer may impose punishment for violations of the Uniform Code of Military Justice and otherwise lack sufficient knowledge or information to admit or deny the remainder of paragraph 11.

12.     The first sentence of paragraph 12 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny the first sentence of paragraph 12. The second sentence of paragraph 12 consists of Plaintiffs' characterization of the First Amendment's Free Exercise Clause and the Religious Freedom Restoration Act of 1993, to which no response is required.  To the extent a response is required, Defendants aver that the act and clause each speaks for itself.  The third sentence of paragraph 12 consists of Plaintiffs' characterization of Department of Defense Instruction 1300.17 dated September 1, 2020 ("DODI 1300.17") and Bureau of Navy Personnel Instruction 1730.11A dated March 16, 2020 ("BUPERSINST 1730.11A"), to which no response is required.  To the extent a response is required, Defendants aver that each the instruction speaks for itself.

13.     Paragraph 13 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 13.

14.     Paragraph 14 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 14.

15.     Paragraph 15 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 15.

## JURISDICTION AND VENUE

16.     Paragraph 16 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants aver that this Court has subject matter jurisdiction over Plaintiffs' Complaint.

17.     Paragraph 17 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants aver that venue is proper before the U.S. District Court for the District of Columbia.

## IDENTIFICATION OF PARTIES

18.     Defendants admit paragraph 18 to the extent that EMN3 Di Liscia is on active duty in the U.S. Navy, and his duty station is the USS THEODORE ROOSEVELT (CVN 71) and otherwise lack sufficient knowledge or information to admit or deny the remainder of paragraph 18.

19.     Defendants admit paragraph 19 to the extent that MC3 Katsareas is on active duty in the U.S. Navy, and his duty station is the USS GEORGE WASHINGTON (CVN 73), currently docked in Newport News, Virginia, and otherwise lack sufficient knowledge or information to admit or deny the remainder of paragraph 19.

20.     Defendants admit paragraph 20 to the extent that ABF3 Braggs is on active duty in the U.S. Navy, and he is currently on limited duty at Naval Station Norfolk in Norfolk, Virginia, and

otherwise lack sufficient knowledge or information to admit or deny the remainder of paragraph 20.

21.     Defendants admit paragraph 21 to the extent that OS2 Shoyeb is on active duty in the U.S. Navy, and his duty station is USS CHANCELLORSVILLE (CG 62), but otherwise lack sufficient knowledge or information to admit or deny the remainder of paragraph 21.

22.     Defendants admit paragraph 22.

23.     Defendants admit paragraph 23.

24.     Defendants admit paragraph 24.

25.     Defendants admit paragraph 25.

26.     Defendants admit paragraph 26.

27.     Defendants admit paragraph 27.

28.     Defendants admit paragraph 28.

## FACTUAL ALLEGATIONS

### EMN3 Di Liscia's Orthodox Jewish Beliefs

29.     Defendants lack sufficient knowledge or information to admit or deny paragraph 29.

30.     Paragraph 30 consists of Plaintiffs' characterization or interpretation of religious practice, to which no response is required.  To the extent that a response is required, Defendants lack sufficient knowledge or information to admit or deny paragraph 30.

31.     Paragraph 31 consists of Plaintiffs' characterization or interpretation of religious practice, to which no response is required.  To the extent that a response is required, Defendants lack sufficient knowledge or information to admit or deny paragraph 31.

32.     The first and second sentences of paragraph 32 consists of Plaintiffs' characterization of the Torah, to which no response is required.  To the extent a response is required, Defendants aver

that the work speaks for itself.   The third sentence of paragraph 32 consists of Plaintiffs' characterization of a work by Rabbi Yitzchaki, to which no response is required.   To the extent a response is required, Defendants aver that the work speaks for itself.

33.     Paragraph 33 consists of Plaintiffs' characterization or interpretation of religious practice, to which no response is required.   To the extent that a response is required, Defendants lack sufficient knowledge or information to admit or deny paragraph 33.

34.     Paragraph 34 consists of Plaintiffs' characterization or interpretation of religious practice, to which no response is required.   To the extent that a response is required, Defendants lack sufficient knowledge or information to admit or deny paragraph 34.

The Muslim Sailors' Religious Beliefs

35.     Paragraph 35 consists of Plaintiffs' characterization or interpretation of religious practice, to which no response is required.   To the extent that a response is required, Defendants lack sufficient knowledge or information to admit or deny paragraph 35.

36.     Paragraph 36 consists of Plaintiffs' characterization of a work by Shareda Hosein, to which no response is required.   To the extent a response is required, Defendants aver that the reference speaks for itself.

37.     Paragraph 37 consists of Plaintiffs' characterization or interpretation of religious practice, to which no response is required.   To the extent that a response is required, Defendants lack sufficient knowledge or information to admit or deny paragraph 34.

38.     Paragraph 38 consists of Plaintiffs' characterization of a work by Allamah Baghdadi, to which no response is required.   To the extent a response is required, Defendants aver that the reference speaks for itself.

39.     Paragraph 39 consists of Plaintiffs' characterization of a work by Allamah Baghdadi, to which no response is required.  To the extent a response is required, Defendants aver that the reference speaks for itself.

40.     Paragraph 40 consists of Plaintiffs' characterization of works by Sunan Abu Dawud and Sahih Al-Bukhari, to which no response is required.  To the extent a response is required, Defendants aver that the reference each speaks for itself.

41.     Paragraph 41 consists of Plaintiffs' characterization of a work by Sahih Muslim, to which no response is required.  To the extent a response is required, Defendants aver that the reference speaks for itself.

42.     Paragraph 42 consists of Plaintiffs' characterization of a work by Allamah Baghdadi, to which no response is required.  To the extent a response is required, Defendants aver that the reference speaks for itself.

<u>MC3 Katsareas's Commitment to the Islamic Faith</u>

43.     Defendants lack sufficient information or knowledge to admit or deny paragraph 43.

44.     Defendants lack sufficient information or knowledge to admit or deny paragraph 44.

45.     Defendants lack sufficient information or knowledge to admit or deny paragraph 45.

<u>ABF3 Braggs's Commitment to the Islamic Faith</u>

46.     Defendants admit the first sentence of paragraph to the extent that on May 7, 2020, CDR Aduheba Saiffulislam, CHC, USN noted that ABF3 Braggs was a recent convert to Islam and otherwise lack sufficient knowledge or information to admit or deny the remainder of the first sentence of paragraph 46.  Defendants lack sufficient information or knowledge to admit or deny the second sentence of paragraph 46.

47.     Defendants lack sufficient information or knowledge to admit or deny paragraph 47.

48.     Defendants lack sufficient information or knowledge to admit or deny paragraph 48.

49.     Defendants lack sufficient information or knowledge to admit or deny paragraph 49.

OS2 Shoyeb's Commitment to the Islamic Faith

50.     Defendants lack sufficient information or knowledge to admit or deny paragraph 50.

51.     Defendants lack sufficient information or knowledge to admit or deny paragraph 51.

52.     Defendants lack sufficient information or knowledge to admit or deny paragraph 52.

53.     Defendants lack sufficient information or knowledge to admit or deny paragraph 53.

54.     Defendants lack sufficient information or knowledge to admit or deny paragraph 54.

55.     Defendants lack sufficient information or knowledge to admit or deny paragraph 55.

56.     Defendants lack sufficient information or knowledge to admit or deny paragraph 56.

Unique Challenges for Muslim Sailors

57.     Paragraph 57 consists of Plaintiffs' characterization of a work by Shareda Hosein, to which no response is required.  To the extent a response is required, Defendants aver that the reference speaks for itself.

58.     The first sentence of paragraph 58 consists of Plaintiffs' characterization of a work by Shareda Hosein, to which no response is required.  To the extent a response is required, Defendants aver that the reference speaks for itself.  Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in paragraph 58.

59.     Paragraph 59 consists of Plaintiffs' characterization of a work by Shareda Hosein, to which no response is required.  To the extent a response is required, Defendants aver that the reference speaks for itself.

60.     Defendants lack sufficient information or knowledge to admit or deny paragraph 60.

61.     Defendants lack sufficient information or knowledge to admit or deny the first sentence of paragraph 61.  The second sentence of paragraph 61 consists of Plaintiffs' characterization of a work by Shareda Hosein, to which no response is required.  To the extent a response is required, Defendants aver that the reference speaks for itself.

62.     Defendants lack sufficient information or knowledge to admit or deny paragraph 62.

   EMN3 Di Liscia's Military Service

63.     Defendants admit paragraph 63.

64.     Defendants admit paragraph 64.

   EMN3 Di Liscia's Efforts to Obtain an Accommodation

65.     Defendants lack sufficient information or knowledge to admit or deny paragraph 65.

66.     Defendants admit that in December 2018, while assigned to a shore command, EMN3 Di Liscia sought and received a religious accommodation allowing him to wear a quarter-inch beard, which then transferred with him to his gaining command (USS THEODORE ROOSEVELT) per BUPERSINST 1730.11A.  Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in paragraph 66.

67.     Defendants admit the first sentence of paragraph 67 to the extent that the Commanding Officer, USS THEODORE ROOSEVELT (CVN 71), without proper authority, temporarily authorized U.S. Navy servicemembers to wear beards in intervals limited to 14 days in duration and otherwise deny the remainder of the first sentence of paragraph 67.  Defendants lack sufficient knowledge or information to admit or deny the second sentence of paragraph 67.

68.     Defendants lack sufficient information or knowledge to admit or deny paragraph 68.

69.     Defendants admit that EMN3Di Liscia sought a religious accommodation on September 8, 2020 after he transferred to the USS THEODORE ROOSEVELT (CVN 71) but otherwise lack sufficient knowledge or information to admit or deny the remaining allegations of paragraph 69.

70.     Paragraph 70 consists of Plaintiffs' characterization of the Deputy Chief of Naval Operations letter dated December 21, 2020, to which no response is required.  To the extent a response is required, Defendants aver that the letter speaks for itself.

71.     Defendants admit paragraph 71.

72.     Defendants deny paragraph 72.

73.     Defendants admit the first and second sentences of paragraph 73.  Defendants deny the third sentence of paragraph 73.

74.     Defendants lack sufficient information or knowledge to admit or deny paragraph 74.

75.     Paragraph 75 consists of Plaintiffs' characterization of the Deputy Chief of Naval Operations' letter dated December 21, 2020, to which no response is required.  To the extent a response is required, Defendants aver that the letter speaks for itself.

76.     Defendants lack sufficient information or knowledge to admit or deny paragraph 76.

77.     Paragraph 77 consists of Plaintiffs' characterization of his Complaint, to which no response is required.  To the extent a response is required, Defendants aver that the Complaint speaks for itself.

<u>MC3 Katsareas's Military Service</u>

78.     Defendants admit paragraph 78 to the extent that MC3 Katsareas was born in Australia and otherwise lack sufficient information or knowledge to admit or deny the remainder of paragraph 78.

79.     Defendants lack sufficient information or knowledge to admit or deny paragraph 79.

80.     Defendants lack sufficient information or knowledge to admit or deny paragraph 80.

81.     Defendants lack sufficient information or knowledge to admit or deny paragraph 81.

82.     Defendants lack sufficient information or knowledge to admit or deny paragraph 82.

83.     Defendants admit paragraph 83 to the extent that on June 19, 2016, MC3 Katsareas reported aboard USS NITZE (DDG 94), while it was deployed to the U.S. FIFTH Fleet area of operations, and otherwise lack sufficient knowledge or information to admit or deny the remainder of paragraph 20.

84.     Defendants admit paragraph 84.

85.     Defendants lack sufficient information or knowledge to admit or deny paragraph 85.

MC3 Katsareas's Efforts to Obtain an Accommodation

86.     Defendants lack sufficient information or knowledge to admit or deny paragraph 86.

87.     Defendants lack sufficient information or knowledge to admit or deny paragraph 87.

88.     Defendants lack sufficient information or knowledge to admit or deny paragraph 88.

89.     Defendants lack sufficient information or knowledge to admit or deny paragraph 89.

90.     Defendants admit the first sentence of paragraph 90 to the extent that U.S. Navy commanding officers afloat, without proper authority, have temporarily authorized U.S. Navy servicemembers to wear beards in limited duration and otherwise deny the remainder of the first sentence of paragraph 90.  Defendants lack sufficient knowledge or information to admit or deny the second sentence of paragraph 90.  Defendants admit the third sentence of paragraph 90.

91.     Defendants admit the first sentence of paragraph 91 to the extent that on July 6, 2018, MC3 Katsareas submitted a request for a religious accommodation and otherwise deny the remainder of the first sentence of paragraph 91.  Defendants admit the second sentence of paragraph 91.

92.     Paragraph 92 consists of Plaintiffs' characterization of the Deputy Chief of Naval Operations' letter dated October 9, 2018, to which no response is required.  To the extent a response is required, Defendants aver that the letter speaks for itself.

93.     Paragraph 93 consists of Plaintiffs' characterization of MC3 Katsareas' request for religious accommodation, to which no response is required.  To the extent a response is required, Defendants aver that the request speaks for itself.

94.     Paragraph 94 consists of Plaintiffs' characterization of BUPERSINST 1730.11A, to which no response is required.  To the extent a response is required, Defendants aver that the instruction speaks for itself.

95.     Paragraph 95 consists of Plaintiffs' characterization of CDR Saifulislam's memorandum, dated December 20, 2019, to which no response is required.  To the extent a response is required, Defendants aver that the memorandum speaks for itself.

96.     Defendants admit paragraph 96.

97.     Defendants admit paragraph 97.

98.     Defendants admit paragraph 98.

99.     Paragraph 99 consists of Plaintiffs' characterization of the Deputy Chief of Naval Operations' letter dated July 15, 2020, to which no response is required.  To the extent a response is required, Defendants aver that the letter speaks for itself.

100.    Paragraph 100 consists of Plaintiffs' characterization of the Deputy Chief of Naval Operations' letter dated July 15, 2020, to which no response is required.  To the extent a response is required, Defendants aver that the letter speaks for itself.

101.    Defendants admit paragraph 101.

102.    Defendants admit paragraph 102.

103.    Defendants admit paragraph 103.

104.    Paragraph 104 consists of Plaintiffs' characterization of the USS GEORGE WASHINGTON (CVN 73) Commanding Officer's letter, dated February 26, 2021, to which no response is required.  To the extent a response is required, Defendants aver that the letter speaks for itself.

105.    Defendants admit paragraph 105 to the extent that MC3 Katsareas submitted comments opposing the proposed rescission on March 11, 2021 and otherwise deny the remainder of paragraph 105.

106.    Defendants admit paragraph 106 to the extent that MC3 Katsareas is still awaiting a final determination on his request and but otherwise lack sufficient knowledge or information to admit or deny the remainder of paragraph 106.

107.    Paragraph 107 consists of Plaintiffs' characterization of his Complaint, to which no response is required.  To the extent a response is required, Defendants aver that the Complaint speaks for itself.

ABF3 Braggs's Military Service

108.    Defendants admit paragraph 108.

109.    Defendants admit paragraph 109 to the extent that ABF3 Braggs was placed on limited duty in 2020.

ABF3 Braggs's Efforts to Obtain an Accommodation

110.    Defendants lack sufficient information or knowledge to admit or deny paragraph 110.

111.    Paragraph 111 consists of Plaintiffs' characterization of a Navy.mil article, to which no response is required.  To the extent a response is required, Defendants aver that the article speaks for itself.

112.    Defendants lack sufficient information or knowledge to admit or deny paragraph 112.

113.    Defendants lack sufficient information or knowledge to admit or deny paragraph 113.

114.    Defendants lack sufficient information or knowledge to admit or deny paragraph 114.

115.    Defendants admit paragraph 115.

116.    Defendants admit the first sentence of paragraph 116.  The second sentence of paragraph 116 consists of Plaintiffs' characterization of his letter to the Chief of Naval Operations, dated February 18, 2021, to which no response is required.  To the extent a response is required, Defendants aver that the letter speaks for itself.

117.    Defendants admit paragraph 117.

118.    Defendants lack sufficient information or knowledge to admit or deny paragraph 118.

119.    Paragraph 119 consists of Plaintiffs' characterization of his Complaint, to which no response is required.  To the extent a response is required, Defendants aver that the Complaint speaks for itself.

OS2 Shoyeb's Military Service

120.    Defendants lack sufficient information or knowledge to admit or deny paragraph 120.

121.    Defendants lack sufficient information or knowledge to admit or deny paragraph 121.

122.    Defendants admit paragraph 122.

123.    Defendants admit paragraph 123 to the extent that OS2 Shoyeb is assigned to USS CHANCELLORSVILLE (CG 62) and otherwise deny the remainder of paragraph 123.

OS2 Shoyeb's Efforts to Obtain an Accommodation

124.    Defendants lack sufficient information or knowledge to admit or deny paragraph 124.

125.    Defendants lack sufficient information or knowledge to admit or deny paragraph 125.

126.    Defendants admit paragraph 126 to the extent that OS2 Shoyeb's at sea watch station is in the Combat Information Center as either Track Data Coordinator or Identification Supervisor and that OS2 Shoyeb's primary inport watch station would be on station as Petty Officer of the Watch and otherwise aver that U.S. Navy vessels operating in the U.S. SEVENTH Fleet area of operations routinely operate at Condition IV.

127.    Defendants admit paragraph 128 to the extent that on June 22, 2020, OS2 Shoyeb submitted a request for a religious accommodation to grow a beard of unspecified length and otherwise lack sufficient knowledge or information to admit or deny the remainder of paragraph 127.

128.    Defendants admit paragraph 128 to the extent that OS2 Shoyeb submitted a request for a religious accommodation for a beard of unspecified length and otherwise lack sufficient knowledge or information to admit or deny the remainder of paragraph 128.

129.    Paragraph 129 consists of Plaintiffs' characterization of LT Hickman's memorandum, dated June 22, 2020, to which no response is required. To the extent a response is required, Defendants aver that the memorandum speaks for itself.

130.    Defendants admit paragraph 130.

131.    Defendants admit paragraph 131.

132.    Paragraph 132 consists of Plaintiffs' characterization of the Chief of Naval Operations' letter dated December 14, 2020, to which no response is required. To the extent a response is required, Defendants aver that the letter speaks for itself.

133.    Paragraph 133 consists of Plaintiffs' characterization of their Complaint, to which no response is required. To the extent a response is required, Defendants aver that the Complaint speaks for itself.

<u>The Navy's Obligation To Provide Religious Accommodations</u>

134.   Paragraph 134 consists of Plaintiffs' characterization of the National Defense Authorization Act for Fiscal Year 2013 as amended by the National Defense Authorization Act for Fiscal Year 2014, to which no response is required.  To the extent a response is required, Defendants aver that the act speaks for itself.

135.   Paragraph 135 consists of Plaintiffs' characterization of DODI 1300.17, to which no response is required.  To the extent a response is required, Defendants aver that the instruction speaks for itself.

136.   Paragraph 136 consists of Plaintiffs' characterization of DODINST 1300.17, to which no response is required.  To the extent a response is required, Defendants aver that the instruction speaks for itself.

137.   Paragraph 137 consists of Plaintiffs' characterization of Navy Regulations, Chapter 8, § 0820, to which no response is required.  To the extent a response is required, Defendants aver that the regulation speaks for itself.

138.   Paragraph 138 consists of Plaintiffs' characterization of BUPERSINST 1730.11A, to which no response is required.  To the extent a response is required, Defendants aver that the instruction speaks for itself.

139.   Paragraph 139 consists of Plaintiffs' characterization of BUPERSINST 1730.11A, to which no response is required.  To the extent a response is required, Defendants aver that the instruction speaks for itself.

140.   Paragraph 140 consists of Plaintiffs' characterization of BUPERSINST 1730.11A, to which no response is required.  To the extent a response is required, Defendants aver that the instruction speaks for itself.

141.    Paragraph 141 consists of Plaintiffs' characterization of BUPERSINST 1730.11A, to which no response is required.  To the extent a response is required, Defendants aver that the instruction speaks for itself.

   The Navy's Alleged Compelling Interest

142.    Defendants admit paragraph 142.

143.    Defendants admit paragraph 143.

144.    Paragraph 144 consists of Plaintiff's characterization of exhibits D, J, N, and O of Plaintiff's Complaint, to which no response is required.  To the extent a response is required, Defendants aver each exhibit speaks for itself.

145.    Defendants lack sufficient information or knowledge to admit or deny paragraph 145.

146.    Defendants admit the first sentence of paragraph 146 to the extent that U.S. Navy commanders and commanding officers afloat have, without proper authority, temporarily authorized U.S. Navy servicemembers to wear beards for limited durations.  Defendants admit the second sentence of paragraph 146 to the extent that prior to January 1, 1985, the U.S. Navy permitted servicemembers to wear beards and otherwise deny the remainder of the second sentence of paragraph 146.

147.    Paragraph 147 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 147.

148.    Paragraph 148 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 148.

149.    Defendants lack sufficient knowledge or information to admit or deny paragraph 149.

Least Restrictive Means

150.    Paragraph 150 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 150.

151.    Paragraph 151 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 151.

152.    Paragraph 152 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 152.

## CLAIMS

### COUNT I
### Violation of the Religious Freedom Restoration Act
### Substantial Burden

153.    Defendants incorporate by reference the responses to paragraphs 1 through 152.

154.    Paragraph 154 consists of Plaintiffs' characterization of their complaint, to which no response is required.  To the extent a response is required, Defendants aver that the Complaint speaks for itself.

155.    The first sentence of paragraph 155 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny the first sentence of paragraph 155.  Defendants admit the second sentence of paragraph 155 to the extent that on July 13, 2020, Vice Admiral John B. Nowell, Jr., United States Navy, Deputy Chief of Naval Operations (Manpower, Personnel, Training and Education), denied a request submitted by OS2 Shoyeb for a religious accommodation to wear a beard and that pursuant to Navy Uniform Regulations NAVPERS 1556.51 Chapter 2, Section 2, 2201.2, ABF3 Braggs must shave and otherwise deny the remainder of the second sentence of paragraph 155.

156.    Paragraph 156 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 156.

157.     Paragraph 157 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 157.

158.     Paragraph 158 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 158.

159.     Defendants lack sufficient information or knowledge to admit or deny paragraph 159.

160.     Paragraph 160 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 160.

161.     Paragraph 161 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 161.

162.     Paragraph 162 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 162.

163.     Paragraph 163 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 163.

**COUNT II**
**Violation of the First Amendment to the United States ConstitutionFree Exercise Clause**
**Burden on Religious Exercise**

164.     Defendants incorporate by reference the responses to paragraphs 1 through 163.

165.     Defendants lack sufficient information or knowledge to admit or deny paragraph 165.

166.     Paragraph 166 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 166.

167.     Paragraph 167 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 167.

168.     Paragraph 168 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 168.

169.     Paragraph 169 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 169.

170.     Paragraph 170 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 170.

171.     Paragraph 171 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 171.

172.     Paragraph 172 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 172.

173.     Paragraph 173 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 173.

174.     Paragraph 174 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 174.

175.     Paragraph 175 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 175.

176.     Paragraph 176 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 176.

177.     Paragraph 177 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 177.

178.     Paragraph 178 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 178.

## COUNT III
**Violation of the First Amendment to the United States Constitution Free Exercise Clause
Intentional Discrimination**

179.     Defendants incorporate by reference the responses to paragraph 1 and 178.

180.     Defendants lack sufficient information or knowledge to admit or deny paragraph 180.

181.    Defendants admit paragraph 181 to the extent that Bureau of Navy Personnel Instruction 1000.22 dated February 12, 1993, authorized certain service members diagnosed with Pseudofolliculitis Barbae to wear quarter-inch beards and otherwise deny paragraph 181.

182.    Paragraph 182 consists of Plaintiffs' characterization of BUPERSINST 1000.22C, to which no response is required.  To the extent a response is required, Defendants aver that the instruction speaks for itself.

183.    Paragraph 183 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 183.

184.    Paragraph 184 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 184.

185.    Paragraph 185 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 185.

186.    Paragraph 186 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 186.

187.    Paragraph 187 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 187.

188.    Paragraph 188 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 188.

189.    Paragraph 189 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 189.

**COUNT IV**
**Violation of the First Amendment to the United States Constitution**
**Freedom of Speech**

190.    Defendants incorporate by reference the response to paragraph 1 through 189.

191.    Paragraph 191 consists of Plaintiffs' characterization of the U.S. Navy Regulations, to which no response is required.  To the extent a response is required, Defendants deny paragraph 191.

192.    Paragraph 192 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 192.

193.    Paragraph 193 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 193.

194.    Paragraph 194 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 194.

195.    Paragraph 195 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 195.

196.    Paragraph 196 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 196.

197.    Paragraph 197 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 197.

**COUNT V**
**Violation of the Fifth Amendment to the United States Constitution**
**Substantive Due Process**

198.    Defendants incorporate by reference the responses to paragraphs 1 through 197.

199.    Paragraph 199 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants admit paragraph 199.

200.    Defendants lack sufficient knowledge or information to admit or deny paragraph 200.

201.    Paragraph 201 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 201.

202.     Paragraph 202 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 202.

203.     Paragraph 203 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 203.

### COUNT VI
### Violation of the Fifth Amendment to the United States Constitution
### Equal Protection

204.     Defendants incorporate by reference the responses to paragraphs 1 through 203.

205.     Defendants lack sufficient knowledge or information to admit or deny paragraph 205 because "personal expression" is an undefined term.

206.     Defendants deny the first sentence of paragraph 206.  Defendants admit the second sentence of paragraph 206 to the extent that pursuant to BUPERINST 1000.22C, a U.S. Navy commander or commanding officer may grant that a temporary shaving waiver to a U.S. Navy service member diagnosed with Pseudofolliculitis Barbae and otherwise deny the remainder of the second sentence of paragraph 206.

207.     Paragraph 207 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 207.

208.     Paragraph 208 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 208.

### COUNT VII
### Violation of the Fifth Amendment to the United States Constitution
### Procedural Due Process

209.     Defendants incorporate by reference the response to paragraphs 1 through 209.

210.     Paragraph 210 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 210.

211.   Paragraph 211 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 211.

212.   Paragraph 212 consists of a conclusion of law, to which no response is required.  To the extent a response is required, Defendants deny paragraph 212.

## PRAYER FOR RELIEF

The first unnumbered paragraph consists of Plaintiffs' prayer for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## JURY DEMAND

The second unnumbered paragraph consists of Plaintiffs' demand for a jury trial, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs may demand a jury trial.

Dated: June 14, 2021

Respectfully Submitted,

CHANNING D. PHILLIPS
D.C. Bar No. 415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

/s/ Joseph F. Carilli, Jr.
JOSEPH F. CARILLI, JR.
N.H. Bar No. 15311
Assistant United States Attorney
Civil Division
U.S. Attorney's Office
  for the District of Columbia
555 4th St. N.W.
Washington, D.C. 20530
Telephone: (202) 252-2561
Facsimile: (202) 252-2599
E-mail: joseph.carilli@usdoj.gov

*Counsel for Defendants*