# Exhibit B



DEPARTMENT OF THE NAVY
CHIEF OF NAVAL PERSONNEL
701 SOUTH COURTHOUSE ROAD
ARLINGTON VA 22204-2472

BUPERSINST 1730.11A
N13
16 Mar 2020

BUPERS INSTRUCTION 1730.11A

From:  Chief of Naval Personnel

Subj:  STANDARDS AND PROCEDURES GOVERNING THE ACCOMMODATION OF RELIGIOUS PRACTICES

Ref:   (a) DoD Instruction 1300.17 of 10 February 2009
       (b) SECNAVINST 1730.8B
       (c) NAVPERS 15665I
       (d) BUMEDINST 6230.15B

Encl:  (1) Sample Request for Waiver of Policy to Accommodate a Religious Practice (Template)
       (2) Chaplain Interview Checklist (Template)
       (3) Chaplain Memorandum for the Record (Template)
       (4) Religious Accommodation Approval or Endorsement (Template)

1. Purpose.  To provide policy, guidance, procedures and responsibilities for the accommodation of practices in support of sincerely held religious beliefs for Sailors and prospective accessions, per references (a) and (b).  Reference (c) provides the Navy's manner of wear policy for the most commonly requested waivers of uniform and grooming standards in support of religious practices, as delineated in paragraph 5.

   a.  This revision updates policy, guidance and procedures for the accommodation of practices in support of sincerely held religious beliefs.

   b.  This is a complete revision and should be reviewed in its entirety.

2. Cancellation.  BUPERSINST 1730.11.

3. Scope and Applicability

   a.  This instruction applies to all active and reserve members of the Navy, including applicants for entry into the Navy and Navy Reserve, as well as midshipmen at the U.S. Naval Academy (USNA) and in the Naval Reserve Officers Training Corps (NROTC), and officers and officer candidates in Navy officer accession programs.  Nothing in this instruction precludes disciplinary or administrative action for conduct that is proscribed by the Uniform Code of Military Justice or supporting policies.

BUPERSINST 1730.11A
16 Mar 2020

    b. <u>Conscientious Objectors</u>.  Conscientious objections are not covered under this instruction.  See DoD Instruction 1300.06 (Conscientious Objector) of 12 July 2017.

    c. <u>Peyote Use</u>.  Peyote use is not covered under this instruction.  See Assistant Secretary of Defense for Force Management Policy Memorandum of 25 April 1997, *Sacramental Use of Peyote by Native American Service Members*.

3. <u>Background</u>.  This policy complies with references (a) and (b) and supports the Navy's culture of diversity, tolerance and inclusion.  In line with section 2000bb-1 of Title 42, United States Code, requests for religious accommodation from a military policy, practice or duty that substantially burdens a Sailor's exercise of religion may be denied only when the military policy, practice or duty furthers a compelling government interest and is the least restrictive means available of furthering that compelling government interest.  Religious liberty is more than freedom to worship.  It includes the freedom to integrate one's religion into every aspect of one's life.  When the policies or procedures of the Navy conflict with a Sailor's religious practices, the Navy works to support the Sailor's religious practices to the broadest extent possible within the bounds of military readiness, unit cohesion, good order, discipline, health and safety.  Many religious practices such as (but not limited to) religious observances and dietary practices do not need a request for waiver of policy and can be accommodated at the command level.

4. <u>Roles and Responsibilities</u>

    a. <u>Sailors</u>.  Sailors seeking accommodation of a religious practice that requires a waiver of Navy policy ("requestors") must submit a request in writing to their commander, consistent with enclosure (1).  Prospective accessions seeking accommodation of a religious practice that requires a waiver of Navy policy ("requestors") should use the accession source chain of command, consistent with subparagraph 5b, enclosure (1) and Table 2.

        (1) A requestor must comply with the applicable policy, practice, direction or duty from which he or she is requesting a religious accommodation until the request is adjudicated.  Additionally, commanders and commanding officers ("commanders") may temporarily modify or suspend a religious accommodation, consistent with subparagraph 5g.

        (2) A requestor with an approved religious accommodation must inform his or her chain of command of the approved accommodation upon checking in to a new command or changing duties.  A requestor must retain a copy of the approved accommodation and be able to produce it within five working days.

    b. <u>Chaplains</u>.  Command chaplains are responsible for advising and assisting commands with religious accommodation policy execution.  In line with SECNAVINST 1730.7E, chaplains, assisted by Religious Program Specialists, provide for and facilitate religious requirements of Sailors and authorized users and advise commanders on command religious program matters throughout the Department of the Navy (DON).

BUPERSINST 1730.11A
16 Mar 2020

  (1) A Navy chaplain will conduct an administrative interview for each religious accommodation request that requires a waiver of policy.  Local chaplains should be used if available.  Chaplains may use any means available to ensure the interview takes place promptly, such as telephone or video conference.  The chaplain should use enclosure (2) during the interview and must produce a memorandum for the record consistent with enclosure (3).

  (2) The chaplain will inform the Sailor or prospective accession that the interview is for the purpose of preparing a memorandum for the record and advising the command, and that the content of the interview is not privileged or confidential as defined in SECNAVINST 1730.9A and the Manual for Courts-Martial Military Rule of Evidence 503.

 c.  <u>Commanders and Commanding Officers (CO)</u>.  Commanders must process requests according to the timelines, routing and criteria set forth in this instruction.

  (1) When forwarding a request for adjudication or appeal, commanders will use enclosure (4).

  (2) Commanders must obtain the advice of a judge advocate and a chaplain prior to acting on a request that involves a waiver of Navy policy.

  (3) Commanders will include a religious needs assessment upon check-in to the command in line with OPNAVINST 1730.1E to include identification of Sailors who may need previously-approved religious accommodation waivers reviewed.

 d.  <u>Deputy Chief of Naval Operations (Manpower, Personnel, Training and Education) (CNO N1)</u>.  CNO N1 is responsible for overseeing this religious accommodation policy and will review and act on religious accommodation requests that require waiver of Department of Navy (DON) policy and are routed to CNO N1 for approval as indicated in Tables 1 and 2.

5.  <u>Policy</u>.  In accordance with Article 0820 of United States Navy Regulations, 1990, commanders will provide maximum opportunity for the free exercise of religion by members of the naval service.

 a.  <u>Standards-Based Approach</u>.  The Navy has a compelling governmental interest in mission accomplishment at the individual, unit and organizational levels, including such necessary elements of mission accomplishment as military readiness, unit cohesion, good order, discipline, health and safety. The military is a specialized community within the United States, governed by a discipline separate from the rest of society.  All Navy personnel must expeditiously review and act on requests for religious accommodations.  Many religious practices do not require an exception to Navy policy and can be accommodated at the command level.  The term "religious practice" includes any exercise of religion, whether or not compelled by, or central to, a system of religious belief.

BUPERSINST 1730.11A
16 Mar 2020

     (1) Each request for religious accommodation must be reviewed on a case-by-case basis, giving consideration to the full range of facts and circumstances relevant to the specific request. Requests to accommodate religious practices should not be approved or denied simply because similar requests were approved or denied. The following factors should be considered:

        (a) applicable operational or regional policies,

        (b) importance of the military policy, practice or duty in terms of mission accomplishment, including military readiness, unit cohesion, good order, discipline, health, or safety,

        (c) importance of the practice to the requestor,

        (d) cumulative impact of repeated accommodations of a similar nature and

        (e) alternate means to fulfill the request.

     (2) To comply with the intent of section 2000bb-1 of Title 42, U.S. Code, commanders and their staffs should remain objective in considering requests to accommodate religious practices. Commanders will not deny or recommend denial of a religious accommodation unless the denial or partial denial furthers a compelling governmental interest and is the least restrictive means of furthering that compelling government interest. It is essential that commanders articulate the factual basis underlying any compelling government interest and that they articulate why a recommended denial or partial denial is the least restrictive means available to the commander to protect the compelling government interest over the individual request. Factors to consider include (but are not limited to) whether approving the accommodation would:

        (a) pose a health or safety hazard (such as flammable materials or loose clothing that could become caught in a piece of equipment),

        (b) interfere with the wear or proper function of special or protective clothing or equipment (such as a respirator, protective helmet or communication gear) or

        (c) otherwise impair mission accomplishment, good order, discipline, morale or unit cohesion.

     (3) Sometimes it is necessary for commanders to recommend an alternative manner by which the religious requirement may be met. For example, there may be options and resources not known to the member at the time of his or her request that might be known to the commander. Those alternatives should be discussed and offered to the member to determine if they might satisfy some or all of the member's religious requirement. Where appropriate, the chaplain memorandum may discuss alternative means available to address the requested accommodation.

BUPERSINST 1730.11A
16 Mar 2020

(4) Religious practices and corresponding approval authorities are listed in Table 1. Many religious practices, such as (but not limited to) religious observances and dietary practices do not need a request for waiver of policy and can be accommodated at the command level. Other religious accommodations may be approved by the first O-6 in the chain of command, whether the requestor's CO or Immediate Superior in Command (ISIC). Per reference (a), exceptions to Table 1 are not permitted without CNO N1 approval.

| Type of Religious Practice | Authority |
|---|---|
| Religious observances per subparagraph 5d(1) | CO |
| Dietary practices per subparagraph 5d(2) | CO |
| Neat, conservative head covering in line with subparagraph 5d(4)(a), which requires waiver of uniform regulation provisions in reference (c) | Approvals authorized at O-6 CO/ISIC level. O-6 CO/ISIC send recommendation for **disapproval** directly to CNO N1 |
| Unshorn hair on men in line with subparagraph 5d(4)(b), which requires waiver of uniform regulation provisions in reference (c) | O6 CO/ISIC send recommendation directly to CNO N1 |
| Beard, which requires waiver of requirement for male Sailors to be clean shaven found in reference (c), in line with subparagraph 5d(4)(c) | O6 CO/ISIC send recommendation directly to CNO N1 |
| Uniform, grooming or religious apparel waivers not authorized at the CO or O-6 CO/ISIC level in line with reference (c) | O-6 CO/ISIC send recommendation directly to CNO N1 |
| Immunizations per subparagraph 5d(3) | O-6 CO/ISIC send recommendation directly to CNO N1 |
| All other types of religious practices that require a waiver of Navy policy to support | O-6 CO/ISIC send recommendation directly to CNO N1 |

Table 1. Authorities and Religious Practices
Note 1: Pre-accession authority examples are listed below in subparagraph 5b.

BUPERSINST 1730.11A
16 Mar 2020

b. <u>Accessions</u>

(1) Navy accession sources, Navy Recruiting Command, Naval Service Training Command, USNA and U.S. Navy Bureau of Medicine and Surgery (BUMED), are the designated chains of command for pre-accession requests in line with Table 2. Accession source headquarters are responsible for ensuring active and reserve enlisted and officer accessions are informed of uniform and grooming standards and policies, as well as procedures for seeking religious accommodations. Accession source headquarters must document this opportunity in writing and ensure all accession requests for religious accommodation are adjudicated prior to entering service. The following language should be used to document the applicant understanding of the Navy's religious accommodation policy:

"I understand that Department of the Navy policy is to accommodate religious practices whenever possible, unless doing so would have an adverse impact on mission accomplishment, including military readiness, unit cohesion, good order, discipline or health and safety.

I understand accommodation of my religious practices cannot be guaranteed at all times. I understand that determination of military necessity rests entirely with my Navy chain of command, and that I will be expected to comply with the Navy's policy, practice or duty from which I am requesting accommodation unless and until approved by the designated authority.

I do NOT desire to request support for specific religious practices at this time

_____
(Applicant Signature)

I DO desire to request support for the following religious practice(s):

_____
(Type of Request)

_____
(Applicant Signature)

Applicants requesting religious accommodation may not enlist or commission until they receive a final response in writing. Accession commands must immediately process the request in line with BUPERSINST 1730.11A (Standards and Procedures Governing the Accommodation of Religious Practices).

_____
(Typed or Printed Name and Signature of Witnessing Recruiting Representative)"

BUPERSINST 1730.11A
16 Mar 2020

(2) Additionally, prospective accessions must be given the opportunity to route a religious accommodation request prior to departure for a Military Entrance Processing Station. Many pre-accession religious practices such as (but not limited to) religious observances and dietary practices do not need a request for waiver of policy and can be accommodated at the command level.  Certain requests for religious accommodation may be approved by local commanders as listed in Table 2, below. Per reference (a), exceptions to this table are not permitted without CNO N1 approval.

| **Type of Religious Practice** | **Process** | **Notes** |
|---|---|---|
| Religious observances | Route to RTC/OTCN CO for approval | RTC/OTCN CO send recommendation for disapproval directly to CNO N1 |
| Dietary practices | Route to RTC/OTCN CO for approval | RTC/OTCN CO send recommendation for disapproval directly to CNO N1 |
| Religious head covering during RTC/OTCN | RTC/OTCN CO may approve religious head covering during religious ceremonies/services only | If religious head covering during religious ceremonies/services only is not acceptable by applicant, then send to CNO N1 |
| Unshorn hair on men in line with subparagraph 5d(4)(b), which requires waiver of uniform regulation provisions in reference (c) | RTC/OTCN CO send recommendation directly to CNO N1 | |
| Any request for beards during RTC/OTCN | RTC/OTCN CO send recommendation directly to CNO N1 | |
| Uniform, grooming or religious apparel accommodation that do not require waiver of DON policy | Route to RTC/OTCN CO for approval | Disapproval recommendations must be routed to CNO N1 |
| Immunizations | RTC/OTCN CO may approve use of any available alternative vaccinations | If no alternative vaccines are available, then send recommendation directly to CNO N1 |
| All other requests that require a waiver of Navy policy | Route to CNO N1 | |

BUPERSINST 1730.11A
16 Mar 2020

Table 2.  Authorities and Religious Practices for Pre-Accession and Recruit Training

   c.  <u>Timelines</u>.  For waivers of policy requiring adjudication at the commander or O-6 CO/ISIC level, final review and written notification to the requestor will be completed no later than 7 days from the date the requestor submitted the request to his or her immediate commander.  Extensions for good cause may be granted by the Director, Military Personnel, Plans and Policy (OPNAV N13).  Examples of good cause for an extension include operational necessity or lack of immediate access to a judge advocate or chaplain.  All religious accommodation cases forwarded from an O-6 CO/ISIC or RTC/OTCN to CNO N1 for adjudication must be forwarded within 7 days from the date the requestor submitted the request to his/her immediate commander, and will be expeditiously adjudicated in line with references (a) and (b).  To ensure timely and consistent adjudication of all requests, active and reserve Sailors will not submit a request for a religious accommodation that would require a waiver of Navy policy if they are expected to execute permanent change of station orders within 90 days.  Written notification should be given to the requestor within 5 days upon any decision, modification, suspension or revocation of a waiver of policy.

   d.  <u>Religious Practice Type</u>

      (1) Observances of Worship and Holy Days.  Worship practices, holy days and Sabbath or similar religious observance requests will be accommodated except by necessity, consistent with mission accomplishment, U.S. Navy Regulations, and Navy Military Personnel Manual (MILPERSMAN) article 1731-010.  These requests do not normally require a waiver of policy.

      (2) Dietary Practices.  Commanders should support religious dietary observances to the fullest extent possible.  Commanders normally support religious dietary observances through a standard core menu that supports many religious dietary requirements or by issuing Meals Ready to Eat, Religious.  In certain circumstances, commanders may consider other alternative solutions.

      (3) Immunizations.  The Navy requires immunizations for all Sailors, based on its compelling interest in mission accomplishment, including military readiness, unit cohesion, good order, discipline, health and safety.  Local commanders should make a reasonable effort to acquire alternative vaccinations, when available, that meet both religious needs of Sailors and the Navy's immunization requirements as determined by BUMED.  Refer to MILPERSMAN 1730-020 as needed.  Medical waivers of immunization requirements not associated with religious belief will continue to be adjudicated by the health care provider as addressed in reference (d).

      (4) Uniform and Grooming.  Pursuant to subparagraph 5a above, to determine whether a religious accommodation might interfere with the accomplishment of the unit or individual mission(s), a commander should consider such factors as the safe and effective operation of weapons, work center equipment and machinery, as well as wear of protective clothing or equipment.  Commanders should also state in the endorsement or approval how the religious accommodation may need to be modified in operational, non-operational or training environments.

BUPERSINST 1730.11A
16 Mar 2020

(a) Head Coverings. As delineated in Table 1, religious accommodations for Sailors on all duty types to wear neat and conservative religious head coverings such as (but not limited to) a hijab, turban, kufi, kippah or yarmulke may be authorized at the O-6 CO/ISIC level based upon the operational environment and in line with reference (c).  Except in the case of safety or protective headgear required by a Sailor's duties, position or assignment, Sailors granted a religious accommodation for head coverings are not required to wear military headgear in addition to their religious head covering if such military headgear would violate their sincerely held religious beliefs.

(b) Unshorn/Long Hair.  As delineated in Table 1, waivers of Navy policy for male Sailors on all duty types to wear unshorn/long hair must be sent to CNO N1 for decision.

(c) Beards.  As delineated in Table 1, waivers of Navy policy for Sailors on all duty types to wear a beard must be sent to CNO N1 for decision.  Approved unshorn beards must be worn in a neat and conservative manner.  When a Sailor is authorized to wear a beard of greater than 2 inches in length, the beard must be rolled, tied and/or otherwise groomed to achieve a length not to exceed 2 inches when measured from the bottom of the chin.

(5) Deoxyribonucleic Acid (DNA) Specimen Sampling.  Waiver requests from participation in DNA specimen collection should be forwarded to CNO N1 for final adjudication. BUMED will be consulted prior to final adjudication.

(6) Other Religious Accommodation Requests.  All other religious accommodation requests requiring a policy waiver not specified under this section will be routed to CNO N1 via OPNAV N13 for adjudication.

e.  Routing.  For those requests that require a waiver of policy:

(1) A requestor seeking a waiver of Navy policy must submit a request in writing through his or her commander using the template at enclosure (1).  The requestor must state the waiver sought and may elaborate on the sincerely-held religious beliefs or circumstances motivating the request.

(2) Every requestor seeking religious accommodation requiring a waiver of Navy policy must interview with a Navy chaplain.  The chaplain will assess whether the requestor's religious beliefs appear sincerely-held, and will forward an evaluation to the commander using the templates provided in enclosures (2) and (3).

(3) Commanders will take appropriate action on requests to stay within the timelines in subparagraph 5(c).  Requests forwarded by a commander to the O-6 CO/ISIC or to CNO N1 must include enclosures (1) through (4).  There are no additional requirements.

(4) A copy of all waivers of uniform or grooming policy authorized at the O-6 CO/ISIC level must be forwarded via e-mail to OPNAV N13 for record keeping purposes at

9

BUPERSINST 1730.11A
16 Mar 2020

ALTN_Navy_Religious_Accommodations@navy.mil.  Requests forwarded from the O-6 CO/ISIC level to CNO N1 for adjudication must also be sent to that email address.  Forwarding waiver requests to OPNAV N13 via mail is highly discouraged and can potentially delay a decision for a Sailor.

     (5)  For commands that do not have regular Navy/Marine Corps Intranet email accounts (e.g., overseas, sea duty or joint commands), email OPNAV N13 at ALTN_Navy_Religious_Accommodations@navy.mil first before sending attachments.

     (6)  If the request contains Personally Identifiable Information (PII), the request must be labelled and encrypted appropriately.

     (7) A requestor who reports directly to another U.S. military service must route religious accommodation requests to the authority specified in the policies of that military service.  Sailors assigned to a Joint command will route requests to their respective Navy Element Commander for approval or recommendation to CNO N1 as delineated in Table 1.  In all circumstances Sailors will adhere to the provisions set forth in subparagraph 4a.

     (8)  Questions from commands and requesters concerning religious accommodation requests may be referred to ALTN_Navy_Religious_Accommodations@navy.mil.

  f.  <u>Appeals</u>

     (1) Appeals of command-level adjudication will be forwarded to the commander's O-6 CO/ISIC for adjudication.  Appeals of O-6 CO/ISIC level adjudication will be forwarded to CNO N1 for adjudication within 15 days from the date the requestor submits the appeal.  Appeals of CNO N1 adjudication will be forwarded to the Chief of Naval Operations (CNO) for final adjudication, unless other direction is provided in reference (a) or (b).

     (2)  When a religious accommodation request is denied, the requestor may renew the request upon a change in physical, operational or geographical environment, or at any time in which there is a change to pertinent policy.

  g.  <u>Approval Duration, Withdrawal and Suspension</u>.  Religious accommodations are subject to review, suspension or revocation, in whole or in part, any time there is a change in the circumstances upon which the initial religious accommodation was based (e.g., new duty assignment, temporary duty or other material change in circumstances).  However, an approved religious accommodation remains in effect until the commander or future commander notifies the Sailor or candidate in writing that a compelling government interest requires suspension or revocation of the accommodation.  The written notification must include the nature of the changed circumstances and specify the reason for the revocation and the length of the suspension.

BUPERSINST 1730.11A
16 Mar 2020

(1) The authority to temporarily suspend a previously approved religious accommodation resides with the Sailor's CO, while the authority to permanently revoke a previously approved religious accommodation remains with CNO N1. A commander may suspend or initiate revocation of an approved religious accommodation only upon a determination that a compelling government interest requires such suspension or revocation and that no less restrictive means of furthering that compelling government interest are available. The decision to suspend or initiate revocation of an approved religious accommodation must be informed by the factors enumerated in this instruction.

(2) A commander may require immediate compliance with suspension of a religious accommodation only if necessary due to an imminent threat to health or safety. In any case in which there is no imminent threat, the Sailor or candidate must be given five business days to submit an appeal using the process described in subparagraph 5f(1). The religious accommodation will remain in effect until the appeal process is completed. When necessary, a Sailor may be assigned to temporary additional duty orders to protect him or her from circumstances that are incompatible with the religious accommodation while the appeal is being adjudicated.

(3) When there is a change in military duties or requirements, a commander may suspend a previously approved religious accommodation if the suspension furthers a compelling government interest and is the least restrictive means available to further that interest. For example, a Sailor with a grooming waiver authorizing him to wear a beard may be required to shave the beard to deploy to an area in which there is a high risk that the Sailor will have to don a gasmask. When the conditions that required the suspension are no longer present, the Sailor may resume the religious practice per the original waiver. There is no requirement for a Sailor to resubmit a request for a religious accommodation that has been suspended.

6. Records Management

   a. Records created as a result of this instruction, regardless of format or media, must be maintained and dispositioned for the standard subject identification codes (SSIC) 1000 through 13000 series per the records disposition schedules located on the Department of the Navy/Assistant for Administration (DON/AA), Directives and Records Management Division (DRMD) portal page at https://portal.secnav.navy.mil/orgs/DUSNM/DONAA/DRM/Records-and-Information-Management/Approved%20Record%20Schedules/Forms/AllItems.aspx.

   b. For questions concerning the management of records related to this instruction or the records disposition schedules, please contact your local records manager or the DON/AA DRMD program office.

7. Review and Effective Date. Per OPNAVINST 5215.17A, OPNAV N13 will review this instruction annually on the anniversary of its issuance date to ensure applicability, currency and consistency with Federal, Department of Defense, SECNAV and Navy policy and statutory authority using OPNAV 5215/40 Review of Instruction. This instruction will be in effect for 5 years unless revised or cancelled in the interim, and will be reissued by the 5-year anniversary

BUPERSINST 1730.11A
16 Mar 2020

date if it is still required, unless it meets one of the exceptions in OPNAVINST 5215.17A, paragraph 9.  Otherwise, if the instruction is no longer required, it will be processed for cancellation following the guidance in OPNAV Manual 5215.1 of May 2016.

JOHN B. NOWELL, JR
Deputy Chief of Naval Operations
(Manpower, Personnel, Training,
and Education)

Releasability and distribution:
This instruction is cleared for public release and is available electronically only via BUPERS/NAVPERSCOM Web site, https://www.public.navy.mil/bupers-npc/reference/Pages/default.aspx

BUPERSINST 1730.11A
16 Mar 2020

SAMPLE REQUEST FOR WAIVER OF POLICY TO ACCOMMODATE A RELIGIOUS PRACTICE (TEMPLATE)

(Date)

From: Rate or rank, as applicable, full name, branch and type of service as applicable
To:   Appropriate authority per Table 1 or Table 2 (i.e., O-6 CO/ISIC or CNO N1)
Via:  Appropriate authority per Table 1 or Table 2 (i.e., CO, O-6 CO/ISIC)

Subj: REQUEST FOR WAIVER OF POLICY IN SUPPORT OF RELIGIOUS PRACTICE

Ref:  (a) DoD Instruction 1300.17 of 10 February 2009
      (b) SECNAVINST 1730.8
      (c) BUPERSINST 1730.11
      (d) Other references as needed

Encl: (1) Photograph or graphic (as needed to show the neat and conservative color, manner of wear, etc.)
      (2) Optional enclosures (e.g., religious leader endorsement or research in applicable area)

1.  Pursuant to references (a) through (c), I hereby request religious accommodation from Navy policy (use reference as needed) to ___(describe the specific practice(s)) _____ due to my religious belief that _____(paraphrase religious basis of the request)__.

2.  My request is based on my religious belief that_____ (provide a detailed explanation here as desired)_____ and reference enclosure (1) or (2) as needed/desired.

3.  (Required statement) I certify that I understand that any approved or partially approved waiver may not be appropriate for future duty to which I may be assigned, including operational, non-operational or training command(s), and may be suspended or withdrawn in accordance with reference (c).

_____
(Signature)

Enclosure (1)

BUPERSINST 1730.11A
16 Mar 2020

## CHAPLAIN INTERVIEW CHECKLIST TEMPLATE

| Requestor: | | | | Interview Date: |
|---|---|---|---|---|
| Name: | | | | Chaplain Interviewer: |
| Phone: | | | | Phone: |
| Email: | | | | E-mail: |
| Command: | | | | Chaplain's Command: |
| Interview Preliminaries | | | | |
| Yes | No | N/A | | |
| | | | Chaplain reviewed policy and doctrine on religious accommodation and the policy for which the requestor is seeking accommodation. | |
| | | | Applicant was notified that the interview is not confidential and will be used to advise the command. | |
| | | | Chaplain explained to the applicant that confidential support can be received from another chaplain. | |
| | | | Applicant has been granted a waiver for this practice previously. | |
| | | | Applicant's Page 2 (NAVPERS 1070/602) reflects the belief cited in the application. | |
| Type of Waiver Requested | | | | |
| Yes | No | N/A | | |
| | | | Uniform standards | |
| | | | Grooming standards | |
| | | | Immunization requirements | |
| | | | DNA sampling | |
| | | | Other (Please describe): | |
| Interview | | | | |
| Yes | No | N/A | | |
| | | | Requestor's religious beliefs seemed honestly and sincerely held using one or more of the following factors: | |
| | | | 1. Requestor was credible (consistently keeps tenets, practices, etc.). | |
| | | | 2. Requestor's demeanor and pattern of conduct are consistent with the request. | |
| | | | 3. Requestor participates in activities associated with the belief(s). | |
| | | | 4. Other persons supporting the claim are credible. | |
| | | | 5. Request is supported by letter(s) of verification or endorsement from an organization espousing the beliefs which are the basis for the claim. | |
| | | | Alternate means of accommodating the practice were explored in the interview. | |
| Process Checklist | | | | |
| Yes | No | N/A | | |
| | | | Chaplain has prepared a memorandum documenting the interview. | |
| | | | Chaplain reviewed memorandum with applicant and provided a copy. | |
| | | | Chaplain submitted the memorandum and this document to the commanding officer via chain of command. | |
| | | | Chaplain referred applicant to command to process request. | |

Enclosure (2)

BUPERSINST 1730.11A
16 Mar 2020

CHAPLAIN MEMORANDUM FOR THE RECORD (TEMPLATE)

From: [Chaplain's rank and name], CHC, USN
To:   [Commanding Officer of requestor]

Subj: REQUEST FOR A WAIVER OF POLICY TO ACCOMMODATE PRACTICE BASED ON RELIGIOUS BELIEF ICO [REQUESTOR'S RANK, NAME]

Ref: (a) SECNAVINST 1730.8
     (b) SECNAVINST 1730.9

1. (Requestor's rank and name) has submitted a request for accommodation of a religious practice per reference (a). Per BUPERSINST 1730.11A, I interviewed the requestor on (date). I explained that this interview would not be a confidential communication as defined by reference (b) and informed the requestor that referral for confidential chaplain support was available.

2. Nature of the request. (Provide a narrative summary of the request for religious accommodation and whether or not the requestor has previously had this or any other related request approved or denied)

3. Basis. (Identify the religious beliefs on which the accommodation request is based and provide a professional and objective opinion regarding the religious importance of the request to the member. Include the requestor's religion as listed on NAVPERS 1070/602 (Page 2).

4. Alternate Means. (Indicate alternate means of meeting the request)

5. Sincerity. (Assess the sincerity of the requestor. The memorandum should focus on the sincerity of the member's personal religious beliefs, including the information provided during the interview.)

6. My contact information is (telephone number and e-mail address).


                                        [Signature]

Copy to:
(Rank and name of requestor)




                                                                    Enclosure (3)

BUPERSINST 1730.11A
XX Mar 2020

RELIGIOUS ACCOMMODATION APPROVAL OR ENDORSEMENT (TEMPLATE)

(Date)

From: Appropriate authority per Table 1 or Table 2
To:    Appropriate authority per Table 1 or Table 2
Via:   As applicable with appropriate authority per Table 1 or Table 2

Subj: APPROVAL (or) APPROVAL/DISAPPROVAL RECOMMENDATION ICO (INSERT NAME HERE) RELIGIOUS ACCOMMODATION

Ref:   (a) DoD Instruction 1300.17
      (b) SECNAVINST 1730.8
      (c) BUPERSINST 1730.11A
      (d) Other references as needed including regional or operational policy

Encl: (1) Sailor/accession request of DD MMM YY
      (2) Chaplain Memorandum and Interview Checklist
      (3) Other enclosures as needed (e.g., operational or regional policy)

1. Per references (a) through (c)/(d), I am approving this request or I am forwarding this request recommending approval/disapproval in full or in part during the following environments (as applicable to the command):

   a. Operational recommendation:

   b. Non-operational recommendation:

   c. Training environment recommendation:

2. The following information was considered or is provided for consideration as applicable (articulate the factual basis underlying any compelling government interest and why the denial or partial denial is the least restrictive means available to protect the compelling government interest over the individual request):

   a. The importance of the military policy, practice or duty from which religious accommodation is sought in terms of mission accomplishment, including:

     (1) Military readiness:

     (2) Unit cohesion:

     (3) Good order and discipline:

     (4) Health and safety:

Enclosure (4)

BUPERSINST 1730.11A
XX Mar 2020

    b.  The religious importance of the practice to the requestor.

    c.  The cumulative impact of repeated accommodations of religious practices of a similar nature.

    d.  Alternate means available to accommodate the practice in whole or in part.

3.  Other pertinent issues or information associated with this request.

4.  My point of contact (POC) for this matter is _____ (insert POC here) who can be reached at _____(insert e-mail and telephone number  here).

5.  This approval/recommendation will be emailed to OPNAV N131 for review/decision within the timelines in reference (c).  Otherwise, Commander should provide the timeline/waiver of timeline here as applicable.

                                                 _____
                                                  (Signature)

Copy to:
OPNAV N131
Operational Commander(s),
Requestor, etc.

2                                             Enclosure (4)