# Exhibit D



**DEPARTMENT OF THE NAVY**
NAVAL STATION NORFOLK
1530 GILBERT STREET SUITE 2000
NORFOLK, VA 23511-2722

1730
Ser N00J/221
30 Apr 21

From: Commanding Officer, Naval Station Norfolk
To: Chief of Naval Operations

Subj: APPEAL OF DCNO'S DENIAL OF RELIGIOUS ACCOMMODATION REQUEST BY ABF3 DOMINIQUE K. BRAGGS, USN

Ref: (a) DoD Instruction 1300.17
(b) SECNAVINST 1730.8
(c) BUPERSINST 1730.11A

Encl: (1) ABF3 Braggs' appeal of 18 Feb 21

1. Per references (a) through (c), forwarding recommending approval in non-operational environments, disapproval in operational environments.

2. ABF3 Braggs is currently assigned to Naval Station Norfolk on Limited Duty orders.

3. My point of contact for this matter is LT Morgan A. Sellers, JAGC, USN who can be reached at (757) 322-3066 or at morgan.a.sellers@navy.mil.

V. W. BAKER

Copy to:
OPNAV N131
ABF3 Braggs

18 FEB 21

From: ABF3 Dominque K. Braggs, USN
To:   Chief of Naval Operations
Via:  Commanding Officer, Naval Station Norfolk

Subj: APPEAL OF DCNO'S DENIAL OF RELIGIOUS ACCOMMODATION REQUEST BY ABF3 Dominque K. Braggs, USN

Ref:  (a) DCNO denial ltr of 23 DEC 20
      (b) DoD INSTRUCTION 1300.17, Effective 1 SEP 20
      (c) BUPERSINST 1730.11A, Effective 16 MAR 20

Encl: (1) My original religious accommodation request dated 22 JUL 20

## SUMMARY

1. My name is Dominque Braggs and I am an ABF3 stationed aboard the USS George Washington (CVN 73). Pursuant to the DoD guidelines in references (b) and (c) respecting religious accommodation, I write to respectfully appeal the denial of my request for an exception to the Navy's grooming policy to accommodate a fist-length beard in accordance with my sincerely held religious beliefs as a Muslim in service to my country.

Like thousands of other Muslims in the United States, I believe that growing a beard is a central expression of my faith. Since Boot Camp, I have been able to maintain a partial beard pursuant to a medical no-shave chit based on my diagnosis of *pseudofolliculitis barbae* or "razor bumps," a condition common to African-American men like me. Even with the no-shave chit, however, I have been required to shave in violation of my religious beliefs once a month to show that my medical condition still persists. Last July, the Secretary of Defense directed a thorough review of all hairstyle and grooming policies for racial bias. I hoped this would lead to more consistent medical accommodations for African-American men, who suffer disproportionately from razor bumps, as well as to more consistent religious accommodations for minorities with a religious obligation to maintain their beards. The Navy, however, appears to be taking the opposite approach, as I have since been told I may have to undergo laser hair removal or a similar procedure to continue serving our country. Any permanent hair-removal procedure would be a further serious violation of my religious beliefs.

On or about 22 JUL 20, I therefore sought a religious accommodation allowing me to maintain my beard and to fully reconcile my religious identity with my Navy service. On 23 DEC 20, the DCNO denied my request on the stated ground of safety concerns

1

and possible interference with the effective performance of my duties—particularly in the event I might have to wear a sealed gas mask or similar equipment.

While sensitive to the safety concerns raised in reference (a), I am confident that, given my particular duties and the treatment of similar situations by the Navy and other branches of the military, my request can be granted consistent with my ability to serve. And if circumstances were to change, such that the Navy deemed it unavoidable for me to be clean-shaven due to imminent risk to health and safety, I would be willing to shave my beard temporarily. But that is an unlikely situation insufficient to justify a complete denial of my request for accommodation. Finally, I am aware that some Sailors been allowed beards not only for medical reasons, but also for religious reasons—all presumably without adverse impact to performing their duties.

Finally, on 22 JAN 21, I received orders to report to Naval Station Norfolk Virginia for limited duty until July 2021.

I thus submit this appeal requesting a similar accommodation from the Navy's grooming policy so that I may wear a beard consistent with my faith. I further ask that this waiver follow me throughout my career and be entered into my NSIPS profile under the religious-accommodation section.

## BACKGROUND

2. I have observed the tenets of Islam since 2017. I was raised a Seventh-day Adventist, but after learning about Islam from close friends and living the religion for several years, I formally converted with the assistance of Navy Chaplain Abuhena Saifulislam in 2020. As a Muslim, I observe the tenets of Islam by studying the Qur'an, praying five times daily, abstaining from alcohol, and observing the Islamic fasts, among other things.

I also sincerely believe that I should maintain a beard in accordance with my faith. One of the ten *fitras* (cleanliness and grooming obligations) for Muslims is that all males who are able to grow a beard must do so as a sign of their devotion to God. Specifically, per my religious obligations as set forth in the *hadith*, which is a collection of the teachings of the Prophet Mohammed, I am required to maintain a fist-length, or roughly four-inch, beard whenever it is possible to do so. My religious beliefs further require that my beard be neatly trimmed. I would have no objection to grooming my beard to appear no longer than two inches in length from the bottom of my chin.

I currently serve in the Navy as an Aviation Boatswain's Mate, Fuels (ABF3). However, due to a back injury, I am currently on limited duty and have not been aboard ship since September 2020. My limited duty is scheduled to continue until July 2021.

2

3. On 16 MAR 20, reference (c) was updated to provide for religious accommodations for facial hair. It was my understanding that the new instruction would allow for my requested accommodation. I thus submitted a request for waiver of policy on 22 JUL 20, seeking a religious accommodation "to grow a beard four inches in length from the bottom of my chin with groomed and neat edges dues to my ... sincerely held religious beliefs, to be groomed ... to keep it appearing no longer than two inches in length from the bottom of my chin." On 23 DEC 20, I received a response from the DCNO denying my request for a full religious accommodation. The DCNO stated that he denied my request due to "the Navy's compelling Government interest in mission accomplishment, including military readiness and safety." Specifically, the DCNO stated in paragraph 5(a) of his denial decision that "a beard reduces safe and effective wear and operation of protective equipment, to include gas masks, self-contained breathing apparatus face masks and respirators."

5. I am submitting this appeal of the DCNO's decision as I believe his decision is inconsistent with references (b) and (c); with the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb-1, *et seq.*; and with the First Amendment to the United States Constitution.

Given that my request is among the first to be decided under the terms of reference (c)'s updated policy, I also respectfully ask that, in accordance with that reference, my appeal be handled with the advice of a judge advocate and in consultation with the Department of Justice's Office of Legal Policy. *See* Federal Law Protections for Religious Liberty, 82 Fed. Reg. 49,668, 49,671 (Oct. 26, 2017) (instructing all agencies to consult "subject-matter experts who can answer questions about religious nondiscrimination rules" when considering religious accommodation, and that "any questions" about the guidance should be addressed to the Office of Legal Policy).

## ANALYSIS

6. The Department of Defense recognizes the right of Service members to observe and practice their chosen faith, including by way of accommodation from standard procedures. Specifically, reference (b) in DoD's Instruction 1300.17 on Religious Liberty in the Military Services (updated 1 SEP 20) provides that the military "will accommodate individual expressions of sincerely held [religious] beliefs . . . which do not have an adverse impact on military readiness, unit cohesion, good order and discipline, or health and safety." Moreover, in laying out such an accommodating approach, the instruction expressly incorporates norms of the Free Exercise Clause to the First Amendment and the federal Religious Freedom Restoration Act (RFRA). *See Rigdon v. Perry*, 962 F. Supp. 150 (D.D.C. 1997) (observing that the requirements of the First Amendment and RFRA apply to military religious-accommodation decisions); *Singh v. McHugh*, 185 F. Supp. 3d 201 (D.D.C. 2016) (observing similarly). Accordingly, a Service member must be granted an accommodation from any military policy that would place a substantial burden on his or her religious exercise, unless the DoD Component can prove that (1) insisting on the policy without exception "is

3

in furtherance of a compelling governmental interest" and (2) such insistence "is the least restrictive means of furthering that . . . interest." Instruction 1300.17.

The DCNO's refusal to allow my beard fails to satisfy the foregoing test for four reasons. First and most immediately, my duties are unlikely to require me to use the equipment the DCNO flagged as a safety concern, and in the event of an actual and unavoidable need to shave, I would do so. Second, even if I had to use such equipment, in most instances my beard would not prevent safe and effective use. In the extremely rare situation that it would, I would shave. Third, the Navy's ability to grant medical waivers for sailors to grow beards not only casts doubt on any across-the-board safety argument, it also implicates established law requiring that non-religious exceptions to a government rule be extended at least as far to faith-based requests. Finally, even if denying my request were otherwise warranted—and it is not—there has yet to be the sort of required showing that alternatives are infeasible.

*7. First, my assignment makes it highly unlikely that I will need to use a face mask as protective equipment, and, were the threat level somehow to change to make mask usage an unavoidable necessity, I would comply.*

The update to the DoD Instructions clarifies that religious accommodations are to be issued "in accordance with RFRA." And under RFRA's compelling-interest analysis, the government cannot prevail by showing such an interest in the abstract. Rather, it must show a compelling reason to apply "the challenged law 'to the person'—the particular claimant whose sincere exercise of religion is being substantially burdened." *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 419-20 (2006). As courts have thus observed, the military "cannot simply invoke general principles" to deny a Service member's religious accommodation. *Singh v. McHugh*, 185 F. Supp. 3d 201, 223 (D.D.C. 2016). In other words, the Navy cannot deny my request generically; instead, it must evaluate that request in my particular assignment.

But the Navy cannot show such a particularized compelling interest when it comes to safety or mission accomplishment in my case because, in my duties as an AFB3, I do not perform work where it is common or likely that the use of face masks (including gas masks, self-contained breathing apparatus face masks and respirators) could be affected by a beard. In my entire service as an AFB3, I have never had to don a face mask, and I am not aware that any of my AFB colleagues have either. And the possibility is even more remote while I am on limited duty.

On this point, I understand Sailors with duties similar to mine have in fact received religious-beard accommodations. On 15 JUL 20, for example, the Navy granted MC3 Leandros Katsareas, a practicing Muslim, a 4-inch beard accommodation on sea duty while temporarily serving in the Auxiliary Security Force, because "the nature of [his] duties makes it highly unlikely that [he] will be required to don personal protective equipment."

4

To be sure, there are assignments where a high probability of CBRN warfare may require all Sailors to be clean-shaven to wear a special Air Purifying Respirator (APR) mask with a fitted seal. And if DoD deemed the likelihood of my APR usage to be sufficiently high as to require all Sailors to be clean-shaven, I would comply and shave. After all, my faith further dictates that the preservation of life is of paramount importance in situations where there is a specific, concrete, or imminent threat to life or limb.

But I am on no such high-risk assignment at present. Rather, based on the Navy's classification of the threat level on my current assignment, the likelihood of CBRN warfare is low enough to permit waivers of the grooming policy in accordance with the law and DoD's pledge to "normally accommodate practices of a Service member based on sincerely held religious belief."

8. *Second, in the rare event that I may be required to use a mask, it is unlikely that a beard would interfere with my ability to wear such equipment, or I would shave.*

Even when it comes to masks, it is my understanding that the most common system for those in my station—the SCBA—in fact works with beards. Because the 3M/Scott SCBA mask and respirator system protects its wearer using positive air pressure, it does not require a seal around the face to be effective. The positive pressure, rather, forces any polluted air, such as smoke, outside of the mask. The oxygen tank continuously provides safe, clean air to the wearer, even without an airtight seal. Indeed, I understand this very functionality is why the Navy does not assign fit-tested masks to individual Sailors but instead directs them to use whichever SCBA masks are available in the repair locker.

And although the previously described APR system may be used in the event of CBRN warfare, that is insufficient reason to deny my request entirely, especially considering my present assignment and my willingness to shave should there be actual risk of CBRN warfare. *See, e.g.,* Army Directive 2018-19 ¶ 5(b)(1)-(2) (requiring accommodated soldiers to shave for actual "threat of exposure to toxic CBRN agents," but not for "training or tactical simulations designed to ensure that the Soldier is fully familiar with use of the protective mask"). Moreover, I have observed that Sailors who have been afforded medical-beard exemptions have had no trouble using masks when training for firefighting or in other circumstances. As I am seeking a similar accommodation, it is reasonable to assume the same lack of a problem in my case.

9. *Third, the Navy grants medical exceptions to its grooming policy for beards, which demonstrates that it can safely accommodate a beard such as the one I request.*

Several Sailors on my ship, including myself, have indeed been granted waivers to wear quarter-inch beards for medical reasons while on sea duty—and from my own experience, and what I have observed and learned in personal conversations with

5

others, none have encountered issues in wearing a mask, tank, or regulator. At a minimum, therefore, this ability to perform tasks safely while wearing a beard confirms that an absolute beard prohibition is unjustified as a matter of safety or effectiveness, at least absent actual threat of CBRN warfare.

Furthermore, the Navy's accommodation of medical beards creates a strong legal presumption that religious ones are workable—particularly given the Navy's strong commitment to religious liberty in references (b) and (c). *See Fraternal Order of Police Newark Lodge No. 12 v. City of Newark*, 170 F.3d 359, 366 (3d Cir. 1999) ("The medical exemption raises concern because it indicates that the Department has made a value judgment that secular (i.e., medical) motivations for wearing a beard are important enough to overcome its general interest in uniformity but that religious motivations are not."); *Singh v. McHugh*, 185 F. Supp. 3d 201, 225 (D.D.C. 2016). ("[I]t is difficult to see how accommodating plaintiff's religious exercise would do greater damage to the Army's compelling interests in uniformity, discipline, credibility, unit cohesion, and training than the tens of thousands of medical shaving profiles the Army has already granted."). The Navy has made no showing that its asymmetrical treatment of secular and religious requests on my ship is justified—and certainly no showing that survives the high scrutiny imposed under RFRA and DoD policy.

10. *Finally, the Navy has not explored workable alternatives to my request.*

The DoD's incorporation of RFRA, as expressed in references (b) and (c), requires that, even when a compelling interest might exist as a general matter, the outright denial of a given request for religious accommodation must include an evaluation that there are no feasible alternatives to such a denial. This "least-restrictive-means standard is exceptionally demanding" in that it requires the government to show "it lacks other means of achieving its desired goal." *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 728 (2014). This requires an evidence-based analysis that considers all available options. *See, e.g., Singh v. McHugh*, 185 F. Supp. 3d 201, 231 n.23 (D.D.C. 2016) (finding that the military failed to pursue good alternatives when it denied a Sikh the religious accommodation of a beard); *Singh v. Carter*, 168 F. Supp. 3d 216, 232 (D.D.C. 2016) (finding similarly).

There are surely ways my religious need for a beard could be accommodated without compromising safety or mission accomplishment. For example, as previously discussed, one alternative is to grant my accommodation subject to actual threat of CBRN exposure. Also, many militaries around the world accommodate service members with religious beards. Canada's current Minister of Defence, Harjit Sajjan, is a fully observant Sikh who previously served alongside U.S. forces in Afghanistan with his full beard. Fire departments also accommodate firefighters who serve with religious beards in place. These examples suggest that any increased risk from accommodating religious beards is minimal and/or that there are other options for masks that could be used to fully accommodate U.S. Service members with religious

6

beards. Indeed, it is my understanding that the U.S. Army has been in contact with the Indian Army, which has a significant number of Sikh soldiers, to discuss a mask that was designed to accommodate Sikh soldiers' religious obligation to maintain unshorn hair. The DCNO's denial of my request without consideration of these and other options violates RFRA and DoD guidelines.

## CONCLUSION

13. I request a religious accommodation that allows me to wear a fist-length beard in accordance with my sincere practice of Islam.

14. I further request a permanent approval of this accommodation that follows me throughout my career, subject to situations of imminent safety concerns that demand a temporary suspension. Having to needlessly repeat my request at new commands would substantially burden my faith, subject me to a higher probability of discrimination, and deprive me of the stability and clarity afforded to other Sailors—in addition to creating repetitive work for the CNO and other Naval offices. A permanent accommodation would avoid these problems.

15. Finally, I request that this accommodation be entered into my NSIPS profile under the religious-accommodation section.

16. I am proud to serve in the United States Navy, and I wish to do so with my religious identity intact—in accordance with both the letter and spirit of the Navy's regulations and policies, DoD instructions and directives, the Religious Freedom Restoration Act, and the First Amendment.

I am hopeful that your review of both my request and the DoD's policy update in SEP 20, reference (b), will lead to a religious accommodation for me to maintain my beard moving forward, so that I can continue to serve my country without having to compromise my religious beliefs.

Thank you for your consideration.

Braggs, D.
ABF3 USN

Eric S. Baxter
Daniel H. Blomberg
Diana M. Verm
Christopher Mills

7

William Seidleck
THE BECKET FUND FOR
RELIGIOUS LIBERTY
1200 New Hampshire Ave., NW
Washington, D.C. 20036
202-955-0095
*ebaxter@becketlaw.org*

8



**DEPARTMENT OF THE NAVY**
OFFICE OF THE CHIEF OF NAVAL OPERATIONS
2000 NAVY PENTAGON
WASHINGTON DC 20350-2000

1730
Ser N1/114244
23 Dec 20

From: Deputy Chief of Naval Operations (Manpower, Personnel, Training and Education) (N1)
To:   ABF3 Dominique K. Braggs, USN
Via:  Commanding Officer, USS GEORGE WASHINGTON (CVN 73)

Subj: REQUEST FOR RELIGIOUS ACCOMMODATION THROUGH WAIVER OF GROOMING STANDARDS FOR FACIAL HAIR

Ref: (a) NAVPERS 15565I
     (b) DoD Instruction 1300.17 of 1 Sep 20
     (c) SECNAVINST 1730.8B
     (d) ASN (M&RA) memo of 6 Jun 13
     (e) BUPERSINST 1730.11A
     (f) 42 U.S.C. §2000bb-1
     (g) United States Attorney General memo of 6 Oct 17
     (h) Your ltr of 22 Jul 20
     (i) COMNAVSAFECEN NORFOLK VA 261941Z Nov 18 (ALSAFE 18/008)

1. In line with references (a) through (i), your request to waive the requirements in article 2201.2 of reference (a) for a beard is disapproved. I am disapproving your request to grow a beard due to the Navy's compelling Government interest in mission accomplishment including safety.

2. In line with references (b) through (e), I am designated as the approval authority for requests for religious accommodation.

3. Reference (f), the Religious Freedom Restoration Act (RFRA), states that the Government may substantially burden an individual's exercise of religion only if it demonstrates that application of the burden to the person is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that interest. Reference (b) incorporates the RFRA and notes that the Government has a compelling interest in mission accomplishment, to include military readiness, unit cohesion, good order and discipline, health and safety, on both individual and unit levels. Additionally, unless it will have an adverse impact on mission accomplishment, including military readiness, unit cohesion or good order and discipline, the Navy will accommodate individual expressions of sincerely held beliefs of Sailors. Reference (g) emphasizes that only those interests of the highest order can overbalance legitimate claims to the free exercise of religion.

4. All requests for accommodation of religious practices are assessed on a case-by-case basis. In line with references (b) and (c), determination of a request for religious accommodation requires consideration of the following factors:

Subj: REQUEST FOR RELIGIOUS ACCOMMODATION THROUGH WAIVER OF GROOMING STANDARDS FOR FACIAL HAIR

    a. Impact on military readiness, unit cohesion, good order and discipline, health and safety

    b. Religious importance of the request

    c. Cumulative impact of repeatedly granting similar requests

    d. Whether there is alternative means available to meet the requested accommodation

    e. How other such requests have been treated

5. In making this decision, I reviewed reference (h), including the endorsements from your chain of command and the local chaplain, and the guidance of Commander, Naval Safety Center in reference (i).

    a. With regard to your request to wear a beard onboard a naval vessel in port and underway, reference (i) reported that a beard reduces safe and effective wear and operation of protective equipment, to include gas masks, self-contained breathing apparatus face masks and respirators. Damage control (DC), both in port and underway, is the responsibility of each crew member. Your participation in shipboard DC efforts is routine and foreseeable regardless of whether the ship is in port or at sea. Beards present a hazard to these efforts, as outlined above, and this hazard can extend to other personnel should they be required to come to your aid if you are injured during DC activities. Though the probability of a negative consequence from an ineffective seal is relatively low, the severity of that consequence may be high – to include injury. From an operational risk management perspective, this risk is untenable.

    b. I find that granting your request would present an unacceptable risk to the Navy's compelling interest in mission accomplishment, including military readiness and safety on both the individual and unit levels. I further find that there are no less restrictive means available to accommodate your request.

6. The Navy is a specialized community governed by a discipline separate from that of the rest of society. While every Sailor is welcome to express a religion of choice or none at all, our greater mission sometimes requires reasonable restrictions. Deviations from Navy standards must be considered against how those deviations impact the Navy mission as a whole. If you subsequently experience a change in physical, operational or geographical environment you may again request for religious accommodation.

*Mark A. [signature] for*
JOHN B. NOWELL, JR

Copy to:
OPNAV (N131, N0975)

2



**DEPARTMENT OF THE NAVY**
USS GEORGE WASHINGTON (CVN 73)
FPO AE 09550

```
                                                          1730
                                                          Ser 00/325
                                                          29 Jul 20
```

FIRST ENDORSEMENT on ABF3 Dominique K. Braggs, USN ltr of 07 Jul 20

From:  Commanding Officer, USS GEORGE WASHINGTON (CVN 73)
To:    Chief of Naval Personnel

Subj:  APPROVAL RECOMMENDATION ICO ABF3 DOMINQUE K. BRAGGS, USN FOR RELIGIOUS ACCOMMODATION

Ref:   (a) DoD Instruction 1300.17
       (b) SECNAVINST 1730.8
       (c) BUPERSINST 1730.11A

Encl:  (1) Chaplain Memorandum and Interview Checklist

1. Per references (a) through (c), I am forwarding this request recommending approval in full during the following environments:

   a. Operational recommendation: In full.

   b. Non-operational recommendation: In full.

   c. Training environment recommendation: In full.

2. The following information was considered or is provided for consideration as applicable:

   a. The importance of the military policy, practice or duty from which religious accommodation is sought in terms of mission accomplishment, including:

      (1) Military readiness: Member shall maintain all readiness and qualification standards consistent with operational duty and specific rating requirement.

      (2) Unit cohesion: N/A.

      (3) Good order and discipline: Member shall maintain good order and discipline and standards of conduct that align with Navy Core Values, Navy Ethos, and the Uniform Code of Military Justice.

      (4) Health and safety: Member's beard length and girth shall not impede with the proper donning and functionality of protective equipment.

Subj: APPROVAL RECOMMENDATION ICO ABF3 DOMINQUE K. BRAGGS, USN FOR RELIGIOUS ACCOMMODATION

   b. The religious importance of the practice to the requestor. See enclosures (1) and (2).

   c. The cumulative impact of repeated accommodations of religious practices of a similar nature. None.

   d. Alternate means available to accommodate the practice in whole or in part. None.

3. Other pertinent issues or information associated with this request. None.

4. If there are any questions concerning this matter, I can be reached at (757) 534-0295 or via e-mail at co@cvn73.navy.mil.

5. This recommendation will be emailed to OPNAV N131 for review/decision within the timelines in reference (c).

K. A. STRONG

Copy to:
ABF3 Braggs

3

7 May 2020

From: CDR Saifulislam, Abuhena M, CHC, USN
To: Commanding Officer, USS George Washington (CVN 73)

Subj: REQUEST FOR AN EXCEPTION TO POLICY TO ACCOMMODATE A PRACTICE BASED ON RELIGIOUS BELIEF ICO ABF3 DOMINQUE K. BRAGGS.

Ref: (a) SECNAVINST 1730.8
(b) SECNAVINST 1730.9

1. ABF3 Dominque Braggs has submitted a request for accommodation of a religious practice per reference (a). Per BUPERSINST 1730.11, I interviewed the requestor on May 7, 2020. I explained that this interview would not be a confidential communication as defined by reference (b) and informed the requestor that referral for confidential chaplain support was available.

2. Nature of the request. ABF3 Braggs is requesting a waiver of grooming standards including a mustache and beard that follows the following requirements:

   a. A beard fits (two inches) in length from the bottom of the chin.
   b. A beard with edges that are groomed as per his sincerely held religious belief.
   c. A mustache that blends well into the beard.

3. Basis. ABF3 Braggs became a Muslim after converting to Islam. ABF3 Braggs' beliefs stem from sources found in Islamic jurisprudence and are consistently recognized in all Islamic schools of jurisprudence. My professional and objective opinion is that the approval of this request is of paramount religious importance to ABF3 Braggs.

4. Alternate Means. There are no alternate means that would satisfy ABF3 Braggs' sincerely held religious beliefs and convictions.

5. Sincerity. ABF3 Braggs is a recent convert in Islam and wants to adhere to the Prophetic tradition of growing a beard. Based on his firm conviction of practicing his faith, I assess his request as being sincere.

6. My contact information is 757-534-1050 and abuhena.saifulislam@cvn73.navy.mil.

Abuhena Saifulislam

Copy to:
(ABF3 Dominque Braggs)

# WARNING ADVISEMENT ABOUT STATEMENTS MADE DURING A RELIGIOUS ACCOMODATION INTERVIEW

I, DOMINQUE BRAGGS, have been advised that statements that made during the course of my religious accommodation interview are not confidential and may be disclosed by Chaplain Saifulislam to further my religious accommodation request.

07 MAY 20
Date

*signature*
Counselee

07 May 20
Date

*signature*
Chaplain

2

BUPERSINST 1730.11A
16 Mar 2020

## CHAPLAIN INTERVIEW CHECKLIST

| Requestor: ABF3 Dominque Braggs | Interview Date: 07May2020 |
|---|---|
| Name: Dominque Braggs | Chaplain Interviewer: Chaplain Saifulislam |
| Phone: 501-351-9210 | Phone: 757-534-1050 |
| E-mail: Dominquebraggs@yahoo.com | E-mail: Abuhena.saifulislam@cvn73.navy.mil |
| Command: USS George Washington (CVN 73) | Chaplain's Command: USS George Washington (CVN 73) |

| Yes | No | N/A | Interview Preliminaries |
|---|---|---|---|
| X | | | Chaplain reviewed policy and doctrine on religious accommodation and the policy for which the requestor is seeking accommodation. |
| X | | | Applicant was notified that the interview is not confidential and will be used to advise the command. |
| X | | | Chaplain explained to the applicant that confidential support can be received from |
| | | X | Applicant has been granted a waiver for this practice previously. |
| X | | | Applicant's Page 2 (NAVPERS 1070/602) reflects the belief cited in the application. |

| Yes | No | N/A | Type of Waiver Requested |
|---|---|---|---|
| | | | Uniform standards |
| X | | | Grooming standards |
| | | | Immunization requirements |
| | | | DNA sampling |
| | | | Other (Please describe): |

| Yes | No | N/A | Interview |
|---|---|---|---|
| X | | | Requestor's religious beliefs seemed honestly and sincerely held using one or more of |
| X | | | 1. Requestor was credible (consistently keeps tenets, practices, etc.). |
| X | | | 2. Requestor's demeanor and pattern of conduct are consistent with the request. |
| X | | | 3. Requestor participates in activities associated with the belief(s). |
| X | | | 4. Other persons supporting the claim are credible. |
| X | | | 5. Request is supported by letter(s) of verification or endorsement from an |
| | | X | espousing the beliefs which are the basis for the claim. |
| X | | | Alternate means of accommodating the practice were explored in the interview. |

| Yes | No | N/A | Process Checklist |
|---|---|---|---|
| X | | | Chaplain has prepared a memorandum documenting the interview. |
| X | | | Chaplain reviewed memorandum with applicant and provided a copy. |
| X | | | Chaplain submitted the memorandum and this document to the commanding officer via |
| X | | | Chaplain referred applicant to command to process request. |

3

**Page 16 of 17**

22 July 20

From: ABF3 Dominque Braggs, USN
To:   Chief of Naval Personnel
Via:  Commanding Officer, USS George Washington (CVN 73)

Subj: REQUEST FOR WAIVER OF POLICY IN SUPPORT OF RELIGIOUS PRACTICE

Ref:  (a) DoD INSTRUCTION 1300.17 Incorporating change 1 effective Jan 22, 2014
      (b) SECNAVINST 1730.8B
      (c) BUPERSINST 1730.11A

Encl: (1) Graphic depicting beard growth and being rolled and tied at two inches
      (2) Chaplain memorandum for the record supporting this request

1. Pursuant to references (a) through (c), I hereby request religious accommodation from Navy policy NAVPERS 15665I to grow a beard four inches in length from the bottom of my chin with groomed and neat edges due to my religious sincerely held religious beliefs, to be groomed in accordance with reference (c) to keep it appearing no longer than two inches in length from the bottom of my chin.

2. My request is based on my religious belief that a Muslim man, when genetically able to, must grow a fist length beard as a sign of his devotion to God. Evidence for this can be found throughout Islamic texts and in accordance with the major schools of Islamic jurisprudence.

3. (Required statement) I certify that I understand that any approved or partially approved waiver may not be appropriate for future duty to which I may be assigned, including operational, non-operational or training command(s), and may be suspended or withdrawn in accordance with reference (c).

Braggs, D.
ABF3 USN