UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDMUND DI LISCIA, *et al.*,

    *Plaintiffs,*

v.

LLOYD J. AUSTIN, III, *et al.*,

    *Defendants.*

Civil Action No. 21-1047 (TJK)

## JOINT MOTION TO STAY

Pursuant to Federal Rule of Civil Procedure 16(b)(4), all parties to this litigation, by and through their respective undersigned counsel, jointly move for a stay of all deadlines in this matter and assert the following as good cause for the relief sought:

1. Plaintiffs in this case are four Sailors in the United States Navy who allege that their sincerely held religious beliefs require them to wear "neatly maintained beards." ECF No. 1 ("Compl.") ¶ 154. Plaintiffs allege that the Navy's "regulations and treatment of its grooming and personal appearance regulations," Compl. ¶ 162, violate Plaintiffs' rights under the Religious Freedom Restoration Act ("RFRA") as well as the First and Fifth Amendments of the United States Constitution. *See generally* Compl.

2. Pursuant to the Court's September 22, 2021, Scheduling Order, this matter is currently in discovery, with the discovery period set to close on June 6, 2022. ECF No. 33. To date, neither party has served written discovery requests, deposition notices, or expert disclosures.

3. On November 15, 2021, the Secretary of the Navy, Carlos Del Toro, issued a memorandum entitled "Department of the Navy Diversity, Equity, and Inclusion Going Forward." Ex. A ("Navy Memo").

4. The Navy Memo details efforts that the Navy is undertaking to "build[] a strategic DE&I [Diversity, Equity and Inclusion] framework and implementation strategy" so that the Navy and Marine Corps can better "foster and sustain a diverse and inclusive culture that promotes the productivity, innovation, and trust that unleashes the full capacity of *all* our people." *Id*. at 1-2.  As a part of that DE&I framework, the Navy and Marine Corps are revisiting and updating several of the regulations and standards at issue in this litigation. Specifically:

   a. The Navy Memo directs that, "no later than January 31, 2022," the Navy and Marine Corps shall "revisit and update" their "grooming standards," with the understanding that they "will continue to accommodate Service members suffering from Psuedo Folliculitis Barbae," *id*. at 3, which is typically accomplished by allowing afflicted Service members to maintain beards.

   b. The Navy Memo further directs both the Navy and the Marine Corps "[n]o later than February 28, 2022," to "study, evaluate, and propose changes to respective uniform regulations with an intent to better accommodate racial, ethnic, religious, and gender diversity in our force." *Id*.

   c. Finally, the Navy Memo directs that "[n]o later than March 31, 2022," an Assistant Secretary of the Navy "will coordinate with the Navy and Marine Corps to initiate a study examining the impacts of facial hair on gas mask functionality." *Id*.

5. Courts have "broad discretion" to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also* Fed. R. Civ. P. 1. Here, in light of the initiatives and action items discussed in the Navy Memo, it appears that both the parties' and Court's judicial resources will be better served by staying the case until the

identified action items, including the results of the gas mask functionality study discussed in paragraph 4(c), above, are finalized. The regulations and standards at issue in the Navy Memo are the regulations and standards challenged by Plaintiffs in this action and the gas mask study is directly relevant to Defendants' defense to Plaintiffs' RFRA claim. The outcome of the action items in the Navy Memo thus have significant potential to affect the course of this litigation including the scope and subject matter of discovery.

6.  Pursuant to Local Civil Rule 7(m), the parties are jointly filing this motion. The parties have met and conferred and no party is prejudiced by the requested stay. The parties agree that Plaintiffs may move at any time to lift the stay if they have good cause to believe that the Navy is not moving forward expeditiously or in good faith, or if the stay becomes injurious to Plaintiffs' interests, or if the purposes of the stay have expired.

7.  The parties, accordingly, respectfully request that the Court grant their motion and stay this case, including all deadlines in the Court's September 22, 2021 scheduling order (Dkt. 33) until the action items in the Navy Memo are finalized or further order from this Court. Once the Navy Memo action items are finalized, Defendants will promptly notify the Court so that the stay may be lifted and a new scheduling order entered.

8.  The parties also respectfully request that the Court allow the parties thirty (30) days from the date the stay is lifted to file a status report setting forth proposals for further proceedings.

9.  The parties respectfully propose that the Court order Defendants to file a status report on March 4, 2022, and every sixty (60) days thereafter to update the Court as to the status of the action items in the Navy Memo.

A proposed order is attached.

Dated:  January 24, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: */s/ Diana V. Valdivia*
    DIANA V. VALDIVIA, D.C. Bar #1006628
    Assistant United States Attorney
    Civil Division
    555 4th St. N.W.
    Washington, D.C. 20530
    (202) 252-2545
    diana.valdivia@usdoj.gov

*Counsel for Defendants*

/s/ *Eric S. Baxter*
ERIC S. BAXTER (D.C. Bar No. 479221)
DANIEL BLOMBERG (D.C. Bar No. 1032624)
DIANA VERM THOMSON (D.C. Bar No. 1811222)
CHRIS PAGLIARELLA (D.C. Bar No. 273493)
KAYLA A. TONEY (D.C. Bar No. 1644219)
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW, Suite 400
Washington, DC, 20006
(202) 955-0095 PHONE
(202) 955-0090 FAX
*ebaxter@becketlaw.org*

Amandeep S. Sidhu (D.C. Bar No. 978142)
Winston & Strawn LLP
1901 L St., NW
Washington, DC, 20036-3506
(202) 282-5828 PHONE
(202) 282-5100 FAX
*asidhu@winston.com*

*Counsel for Plaintiffs*