IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDMUND DI LISCIA**, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> **LLOYD J. AUSTIN, III**, *et al.*, <br><br> *Defendants*. | Civil Action No. 21-1047 (TJK) |

### STATUS REPORT

1. Plaintiffs, by and through undersigned counsel, hereby provide the Court with a status report drawing the Court's attention to recent authority with facts similar to this case. A copy of the opinion is attached to this status report.

2. Plaintiffs report that in *Singh v. Berger*, --- F.4th ---, 2022 WL 17878825 (D.C. Cir. Dec. 23, 2022), the DC Circuit granted a preliminary injunction under the Religious Freedom Restoration Act to three Sikh recruits who sought to enter Marine Corps recruit training with their articles of faith intact, including unshorn hair, beards, and turbans. Though the Marine Corps "stands ready to accommodate Plaintiffs' unshorn hair and religious articles after boot camp and throughout their careers, with limited exceptions," it had refused to do so for the 13-week duration of basic training. Op. at 15.

3. The D.C. Circuit unanimously held that the recruits had an "overwhelming" likelihood of success on the merits of their RFRA claim because the government had "failed to meet its burden on both [of RFRA's] fronts." Op. at 13, 15.

4. First, the government failed to show a compelling interest in unit cohesion. Among other things, a "series of exemptions for unshorn head and facial hair already allowed [in recruit training]" "directly undermine[d] the Corps' claimed compelling interest." Op. at 18, 33. Moreover, the Court noted that during boot camp, the Plaintiffs could "be subject to a regimented

daily grooming ritual that would obligate them to neatly groom and tie their beards on the terms prescribed by the Corps—presumably the same terms that would govern their post-boot camp grooming obligations." Op. at 19.

5. Second, the Court held that the government had failed to show that "denying Plaintiffs the same accommodations during boot camp that they would be given during later service in the Corps is the 'least restrictive means' of advancing its interest." Op. at 26. Among other things, the "already noted exemptions" to the grooming policy demonstrated that the Marine Corps had not narrowly tailored its approach to the plaintiffs' accommodation requests. Op. at 26.

Dated:  January 10, 2023

Respectfully submitted,

/s/ *Eric S. Baxter*
ERIC S. BAXTER (D.C. Bar No. 479221)
DANIEL BLOMBERG (D.C. Bar No. 1032624)
DIANA VERM THOMSON (D.C. Bar No. 1811222)
LAURA WOLK SLAVIS (D.C. Bar No. 1643193)
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW, Suite 400
Washington, DC, 20006
(202) 955-0095 PHONE
(202) 955-0090 FAX
*ebaxter@becketlaw.org*

Amandeep S. Sidhu (D.C. Bar No. 978142)
Winston & Strawn LLP
1901 L St., NW
Washington, DC, 20036-3506
(202) 282-5828 PHONE
(202) 282-5100 FAX
*asidhu@winston.com*

*Counsel for Plaintiffs*