UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDMUND DI LISCIA, *et al.*,

    *Plaintiffs,*

v.

LLOYD J. AUSTIN, III, *et al.*,

    *Defendants*.

Civil Action No. 21-1047 (TJK)

## CONSENT MOTION FOR EXTENSION OF TIME

Defendants respectfully request an extension of time of three days, up to and including January 8, 2024, to file the parties' next joint status report in this currently stayed matter. This is Defendants' second request for an extension of this or any other deadline in this case. Good cause exists to grant this motion. In support of this motion, Defendants state as follows:

1. Plaintiffs in this case are four Sailors in the United States Navy who allege that their sincerely held religious beliefs require them to wear "neatly maintained beards." ECF No. 1 ("Compl.") ¶ 154. Plaintiffs allege that the Navy's "regulations and treatment of its grooming and personal appearance regulations," Compl. ¶ 162, violate Plaintiffs' rights under the Religious Freedom Restoration Act ("RFRA") as well as the First and Fifth Amendments of the United States Constitution. *See generally* Compl.

2. On November 15, 2021, the Secretary of the Navy, Carlos Del Toro, issued a memorandum entitled *Department of the Navy Diversity, Equity, and Inclusion Going Forward*. ("Navy Memo"). The Navy Memo details efforts that the Navy is undertaking to "build[] a strategic DE&I [Diversity, Equity and Inclusion] framework and implementation strategy" so that

the Navy and Marine Corps can better "foster and sustain a diverse and inclusive culture that promotes the productivity, innovation, and trust that unleashes the full capacity of all our people." *Id*. at 1-2.

3. Because as a part of that DE&I framework, the Navy and Marine Corps are revisiting and updating several of the regulations and standards at issue in this litigation, the parties jointly sought a stay of this litigation on January 24, 2022.  ECF No. 35.

4. The Court granted the parties' request for a stay via Minute Order on January 26, 2022, and ordered the parties' to file joint status reports every 60 days to update the Court as to the status of the action items in the Navy Memo.  *See* Jan. 26, 2022, Min. Order.

5. The parties have filed eleven joint status reports since the Court's January 2022 Minute Order, *see* ECF Nos. 36, 37, 40, 42, 43, 45, 48, 49, 50, 54, and 56 and the parties' next joint status report is currently due today, January 5, 2024.

6. There is good cause for the requested extension.  Specifically, the parties met and conferred earlier today to discuss the recent tasking by the Secretary of the Navy to direct the Assistant Secretary of the Navy (Manpower and Reserve Affairs) to review the report and coordinate with the U.S. Navy and the U.S. Marine Corps on an assessment of the report's impact as applied to religious accommodation and medical waiver polices both at sea and ashore.  During the meet and confer, Plaintiffs' counsel had several questions about this tasking, which Defendants are diligently working on the response.  In addition, during the parties' discourse over the content of the joint status report, Plaintiffs included comment on a non-party's religious accommodation request pending before the Chief of Naval Personnel and its potential impact to this litigation, which requires the undersigned counsel to confer with agency counsel prior to submission of the

status report. As a result, undersigned counsel requires additional time to confer with agency counsel and complete the government's portion of the parties' next joint status report.

7. The undersigned counsel apologizes to the Court for any inconvenience caused by the filing of this extension motion the same day as the parties' current filing deadline.

8. Defendants request this extension in good faith and not for the purpose of delay. The requested relief will not affect any other deadlines currently imposed by the Court. Defendants do not believe it will prejudice any party should the Court grant this request.

9. Pursuant to Local Civil Rule 7(m), Defendants conferred with Plaintiffs' counsel by email regarding the relief sought in this motion. Plaintiffs have graciously consented to the requested extension.

*     *     *

10.     Defendants, accordingly, respectfully request that the Court grant this motion for an extension of time of three days, up to and including January 8, 2024, to file the parties' next joint status report.

A proposed order is attached.

Dated: January 5, 2024
       Washington, DC

                                   Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

DIANA V. VALDIVIA
Assistant United States Attorney

By: /s/ *Joseph F. Carilli, Jr.*
     JOSEPH F. CARILLI, JR.
     Assistant United States Attorney
     601 D Street, N.W.
     Washington, D.C. 20530
     T: (202) 252-2525
     joseph.carilli@usdoj.gov

*Counsel for United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDMUND DI LISCIA, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> LLOYD J. AUSTIN, III, *et al.*, <br><br> *Defendants*. | Civil Action No. 21-1047 (TJK) |

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendants' Consent Motion for an Extension of Time, and for good cause shown, it is hereby:

ORDERED that Defendants' Motion should be and hereby is GRANTED;

It is FURTHER ORDERED that the parties' next joint status report shall be due on or before January 8, 2024.

SIGNED:


_____                                        _____
Date                                                                           United States District Judge