UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDMUND DI LISCIA, *et al.*,

        *Plaintiffs,*

    v.

PETE HEGSETH, *et al.*,[1]

        *Defendants.*

Civil Action No. 21-1047 (TJK)

## JOINT STATUS REPORT

Pursuant to the Court's December 17, 2024 Minute Order, the parties, by and through their respective undersigned counsel, hereby provide the Court with an update as to the status of the action items in the November 15, 2021, memorandum issued by Secretary of the Navy Carlos Del Toro (the "Navy Memo") in this currently stayed action.

### *March 31, 2022, Action Item*

1.    As previously reported, the Navy Memo directs the Assistant Secretary of the Navy (Energy, Installations and Environment) "[n]o later than March 31, 2022," to "coordinate with the Navy and Marine Corps to initiate a study examining the impacts of facial hair on gas mask functionality."

2.    As also previously reported, in response to this action item, the Naval Health Research Center ("NHRC") in San Diego was selected to conduct the study. As of March 10,

---

[1]    Secretary Pete Hegseth is automatically substituted for his predecessor. *See* Fed. R. Civ. P. 25(d).

2023, the NHRC completed the data analysis phase and has since completed their report of the study.

3. As also previously reported, the NHRC report was transmitted internally within the Department of the Navy to the Secretary of the Navy for his review and consideration, who further referred the report back to the Assistant Secretary of the Navy (Energy, Installations, and Environment) to clarify recommendations for the Secretary of the Navy's review and consideration. The Assistant Secretary returned the report to the Secretary of the Navy, who reviewed the final report.

4. On December 14, 2023, the Secretary of the Navy directed the Assistant Secretary of the Navy (Manpower and Reserve Affairs) to review the report and coordinate with the U.S. Navy and the U.S. Marine Corps on an assessment of the report's impact as applied to religious accommodation and medical waiver polices both at sea and ashore. The Assistant Secretary anticipated the review would take 180 days to complete—*i.e.*, from December 14, 2023, until June 11, 2024.

5. On January 11, 2024, the Assistant Secretary of the Navy (Manpower and Reserve Affairs) directed the Chief of Naval Operations and the Commandant of the Marine Corps to review the report and submit initial findings on the report's impact on religious and medical beards both sea and ashore. In doing so, each Service is to consider factors which include the unique operational environments, daily operations, individual safety, unit readiness, damage control, and morale.

6. On or about January 13, 2025, the Assistant Secretary of the Navy (Manpower and Reserve Affairs) forwarded a memorandum with recommendations based on his review to the Secretary of the Navy.

7.     As of January 29, 2025, the memorandum is with the Acting Secretary of the Navy for consideration.

8.     Plaintiffs state as follows: Plaintiffs are concerned with the harmful effects of continued delay. Defendants still have not been able to identify their position, despite having had over a year to review the NHRC Report—well beyond the original 180 days anticipated by the former Assistant Secretary.  Indeed, it appears the former Assistant Secretary waited almost 30 days past the December 17 status conference with this Court to even submit a recommendation to the former Secretary, just days before the previous Administration's conclusion. Nonetheless, as the Court indicated at the status conference, the transition associated with the incoming Administration counsels allowing adequate time for confirmation of the senior Navy officials with authority to grant permanent accommodations to Plaintiffs.  Thus, Plaintiffs respectfully request that the Court order the parties to file another Joint Status Report in 45 days, on March 20, 2025, to apprise the Court of the parties' views on whether re-opening litigation is necessary.

*     *     *

| | |
|---|---|
| Dated: February 3, 2025 | Respectfully submitted, |
| EDWARD R. MARTIN, JR., D.C. Bar #481866<br>United States Attorney<br><br>BRIAN P. HUDAK<br>Chief, Civil Division<br><br>DIANA V. VALDIVIA<br>Assistant United States Attorney<br><br>By: */s/ Joseph F. Carilli, Jr.*<br>    JOSEPH F. CARILLI, JR.<br>    N.H. Bar No, 15311<br>    Assistant United States Attorney<br>    Civil Division<br>    601 D Street St. N.W.<br>    Washington, D.C. 20530<br>    (202) 252-2525<br>    Joseph.carilli@usdoj.gov<br><br>*Attorneys for the United States of America* | /s/ *Eric S. Baxter*<br>ERIC S. BAXTER (D.C. Bar No. 479221)<br>DANIEL BLOMBERG (D.C. Bar No. 1032624)<br>DIANA VERM THOMSON (D.C. Bar No. 1811222)<br>The Becket Fund for Religious Liberty<br>1919 Pennsylvania Ave. NW, Suite 400<br>Washington, DC, 20006<br>(202) 955-0095 PHONE<br>(202) 955-0090 FAX<br>*ebaxter@becketlaw.org*<br><br>Amandeep S. Sidhu (D.C. Bar No. 978142)<br>Winston & Strawn LLP<br>1901 L St., NW<br>Washington, DC, 20036-3506<br>(202) 282-5828 PHONE<br>(202) 282-5100 FAX<br>*asidhu@winston.com*<br><br>*Counsel for Plaintiffs* |

4