UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDMUND DI LISCIA, *et al.*,

   *Plaintiffs,*

    v.

PETE HEGSETH, *et al.*,

   *Defendants.*

Civil Action No. 21-1047 (TJK)

## JOINT STATUS REPORT

  Pursuant to the Court's May 27, 2025, Minute Order, the parties, by and through their respective undersigned counsel, hereby provide the Court with an update as to the status of the action items in the November 15, 2021, memorandum issued by Secretary of the Navy Carlos Del Toro (the "Navy Memo") in this currently stayed action.

### *March 31, 2022, Action Item*

  1. As previously reported, on November 15, 2021, the Secretary of the Navy directed the Assistant Secretary of the Navy (Energy, Installations and Environment) to "coordinate with the Navy and Marine Corps to initiate a study examining the impacts of facial hair on gas mask functionality."

  2. In response to this action item, the Naval Health Research Center ("NHRC") in San Diego was selected to conduct the study. As of March 10, 2023, the NHRC completed the data analysis phase and has since completed their report of the study. The NHRC report was then transmitted internally within the Department of the Navy to the Secretary of the Navy for his review and consideration, who further referred the report back to the Assistant Secretary of the

Navy (Energy, Installations, and Environment) to clarify recommendations for the Secretary of the Navy's review and consideration. The Assistant Secretary returned the report to the Secretary of the Navy, who reviewed the final report.

3. On December 14, 2023, the Secretary of the Navy directed the Assistant Secretary of the Navy (Manpower and Reserve Affairs) to review the report and coordinate with the U.S. Navy and the U.S. Marine Corps on an assessment of the report's impact as applied to religious accommodation and medical waiver polices both at sea and ashore.

4. On January 11, 2024, the Assistant Secretary of the Navy (Manpower and Reserve Affairs) directed the Chief of Naval Operations and the Commandant of the Marine Corps to review the report and submit initial findings on the report's impact on religious and medical beards both sea and ashore. In doing so, each Service is to consider factors which include the unique operational environments, daily operations, individual safety, unit readiness, damage control, and morale.

5. On or about January 13, 2025, the Assistant Secretary of the Navy (Manpower and Reserve Affairs) forwarded a memorandum with recommendations based on his review to the Secretary of the Navy.

6. On March 12, 2025, the Secretary of Defense issued a memorandum, directing the Under Secretary of Defense for Personnel and Readiness to gather existing standards, inter alia, pertaining to grooming, to include, but not limited to, beards and to conduct a review of the standards. Sec'y of Def. Mem., Rapid Force-Wide Review of Military Standards (Mar. 12, 2025) (available at https://www.defense.gov/News/Releases/Release/Article/4118161/rapid-force-widereview-of-military-standards/).

7. The Secretary of the Navy has not yet finalized any new policy related to grooming standards. The Secretary intends to consider the forthcoming Department of Defense review of grooming standards before reaching a decision on the Assistant Secretary of the Navy (Manpower and Reserve Affairs) recommendations memorandum.

*Plaintiffs' Accommodation Requests*

8. As previously reported, the Navy has stipulated that OS2 Mohammed S. Shoyeb may grow a four-inch beard while assigned to his current duty assignment. *See* ECF No. 30-1. In March 2025, 0S2 Shoyeb received a permanent accommodation for a shorter quarter-inch beard when assigned for any duty aboard a ship or in an operational environment. *See* ECF No. 72-1. The parties have conferred about the possibility of resolving this case by permanently extending OS2 Shoyeb's stipulated accommodation to any future ship-based assignment and expect to continue those discussions. The remaining Plaintiffs have ended their Naval service.

*Defendants' Separate Statement*

9. Defendants respectfully request that the Court order the parties to file another Joint Status Report in 45 days, on August 21, 2025, to provide a further update to the Court and apprise the Court of the parties' views on whether re-opening litigation is necessary.

*Plaintiff's Separate Statement*

10. For the reasons detailed below, and notwithstanding the initial settlement discussions between the parties, Plaintiff OS2 Shoyeb respectfully requests a scheduling conference with the Court to set discovery deadlines for moving this case forward.

11. On August 26, 2021, the parties stipulated that, regardless of his "duty status," Plaintiff Shoyeb is permitted "to grow a four-inch beard that is kept neat such that it appears no longer than two inches in length from the bottom of his chin" throughout "the pendency of the

litigation." ECF 30-1.

12. On March 14, 2025, however, the Navy notified OS2 Shoyeb that his four-inch accommodation applies while he is—as currently—on a duty status "ashore." ECF 72-1 ¶ 1(a)(2). But "[w]hen assigned for duty aboard a ship or in an operational environment," Plaintiff Shoyeb was told his beard accommodation will be limited to "one quarter inch." ECF 72-1 ¶ 1(a)(3).

13. It is OS2 Shoyeb's understanding that he will be placed aboard a ship on sea duty in just over one year, around September 2026, for a period of two to three years.

14. Counsel for OS2 Shoyeb anticipates that Defendants have in their possession or control substantial evidence that "allowing a beard up to [only] one quarter inch" is **not** "the least restrictive means of furthering [a] compelling interest in mission accomplishment." ECF 72-1 ¶ 1(a)(3)(b).

15. Counsel for OS2 Shoyeb further anticipate that they will need at least one year of discovery to access this evidence and to rebut any expert testimony presented by Defendants.

16. Thus, to avoid putting OS2 Shoyeb at a disadvantage in emergency proceedings that may otherwise be required when transferred to sea duty, Counsel for Plaintiff respectfully request a conference for setting discovery deadlines to move this case forward on a reasonable schedule.

17. Defendants have had ample time to consider a new policy and should not be permitted to further delay the review process.

*   *   *

Dated:  July 7, 2025

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Diana V. Valdivia*
 DIANA V. VALDIVIA, D.C. Bar 1006628
 CHRISTOPHER C. HAIR, PA Bar 306656
 Assistant United States Attorneys
 Civil Division
 601 D Street St. N.W.
 Washington, D.C. 20530
 (202) 252-2545; (202) 252-2543
 diana.valdivia@usdoj.gov
 christopher.hair@usdoj.gov

 *Counsel for Defendants*

Respectfully submitted,

/s/ *Eric S. Baxter*
ERIC S. BAXTER (D.C. Bar No. 479221)
DANIEL BLOMBERG (D.C. Bar No. 1032624)
DIANA VERM THOMSON (D.C. Bar No. 1811222)
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW, Suite 400
Washington, DC, 20006
(202) 955-0095 PHONE
(202) 955-0090 FAX
*ebaxter@becketlaw.org*

Amandeep S. Sidhu (D.C. Bar No. 978142)
Winston & Strawn LLP
1901 L St., NW
Washington, DC, 20036-3506
(202) 282-5828 PHONE
(202) 282-5100 FAX
*asidhu@winston.com*

*Counsel for Plaintiffs*