UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDMUND DI LISCIA, *et al.*,

*Plaintiffs,*

v.

PETE HEGSETH, *et al.*,

*Defendants*.

Civil Action No. 21-1047 (TJK)

**JOINT STATUS REPORT**

Pursuant to the Court's March 9, 2026, Minute Order, the parties, by and through their respective undersigned counsel, hereby provide the Court with an update as to the status of the action items in the November 15, 2021, memorandum issued by Secretary of the Navy Carlos Del Toro (the "Navy Memo") in this currently stayed action.

***March 31, 2022, Action Item***

1. On November 15, 2021, the Secretary of the Navy directed the Assistant Secretary of the Navy (Energy, Installations and Environment) to "coordinate with the Navy and Marine Corps to initiate a study examining the impacts of facial hair on gas mask functionality."

2. In response to this action item, the Naval Health Research Center ("NHRC") in San Diego was selected to conduct the study. As of March 10, 2023, the NHRC completed the data analysis phase and has since completed their report of the study. The NHRC report was then transmitted internally within the Department of the Navy to the Secretary of the Navy for his review and consideration, who further referred the report back to the Assistant Secretary of the Navy (Energy, Installations, and Environment) to clarify recommendations for the Secretary of the

Navy's review and consideration. The Assistant Secretary returned the report to the Secretary of the Navy, who reviewed the final report.

3. On December 14, 2023, the Secretary of the Navy directed the Assistant Secretary of the Navy (Manpower and Reserve Affairs) to review the report and coordinate with the U.S. Navy and the U.S. Marine Corps on an assessment of the report's impact as applied to religious accommodation and medical waiver polices both at sea and ashore.

4. On January 11, 2024, the Assistant Secretary of the Navy (Manpower and Reserve Affairs) directed the Chief of Naval Operations and the Commandant of the Marine Corps to review the report and submit initial findings on the report's impact on religious and medical beards both sea and ashore. In doing so, each Service is to consider factors which include the unique operational environments, daily operations, individual safety, unit readiness, damage control, and morale.

5. On or about January 13, 2025, the Assistant Secretary of the Navy (Manpower and Reserve Affairs) forwarded a memorandum with recommendations based on his review to the Secretary of the Navy.

6. On March 12, 2025, the Secretary of Defense issued a memorandum, directing the Under Secretary of Defense for Personnel and Readiness to gather existing standards, inter alia, pertaining to grooming, to include, but not limited to, beards and to conduct a review of the standards. Sec'y of Def. Mem., Rapid Force-Wide Review of Military Standards (Mar. 12, 2025) (available at https://www.defense.gov/News/Releases/Release/Article/4118161/rapid-force-widereview-of-military-standards/).

7. On August 20, 2025, the Secretary of Defense issued a directive entitled "Grooming Standards for Facial Hair," that established minimum requirements for grooming standards across

the military and required individual exceptions to be based on consistent criteria and consider safety and uniformity (available at https://media.defense.gov/2025/Sep/15/2003799859/-1/-1/1/GROOMING-STANDARDS-FOR-FACIAL-HAIR.PDF).

8. On September 30, 2025, the Secretary of War[1] issued a memorandum regarding the implementation of the August 2025 grooming standards directive. Specifically, the implementation memorandum requires the Secretaries of the Military Departments (to include the Secretary of the Navy) to provide an implementation plan to the Under Secretary for Personnel and Readiness (available at https://media.defense.gov/2025/Sep/30/2003812317/-1/-1/1/SECRETARY-OF-WAR-ANNOUNCED-MEMORANDUMS.PDF at p.23). On March 11, 2026, the Secretary of War issued additional guidance to supplement the September 30, 2025, memorandum.

9. On May 27, 2026, the Secretary of the Navy issued a memorandum implementing grooming standards for facial hair. The memorandum states that the Assistant Secretary of the Navy will review and promulgate an update on the Navy's religious accommodation policy within 30 days of the issuance of the memorandum and that the Navy will, by June 11, 2026, examine all approved religious accommodations that allow waiver of grooming standards and notify Sailors whose accommodation will be subject to review under the updated religious accommodation policy.

***Plaintiffs' Accommodation Requests***

---

[1] On September 5, 2025, the President issued an Executive Order authorizing the Secretary of Defense to utilize the additional title of Secretary of War. (available at https://www.whitehouse.gov/presidential-actions/2025/09/restoring-the-united-states-department-of-war/)

10. As previously reported, the Navy has stipulated that OS1 Mohammed S. Shoyeb may grow a four-inch beard while assigned to his current duty assignment. *See* ECF No. 30-1. In March 2025, OS1 Shoyeb received a permanent accommodation for a shorter quarter-inch beard when assigned for any duty aboard a ship or in an operational environment. *See* ECF No. 72-1. The parties will continue to confer about the possibility of resolving this case. The remaining Plaintiffs have ended their Naval service.

***Defendants' Separate Statement***

11. Defendants respectfully request that the Court order the parties to file another Joint Status Report by August 3, 2026, to provide the Court with an update on possible resolution of the case.

***Plaintiff's Separate Statement***

12. It is Plaintiff's position that—notwithstanding the permanent accommodation issued in March 2025, which would only allow Plaintiff to maintain a quarter inch beard "[w]hen assigned for duty aboard a ship or in an operational environment," ECF No. 72-1 at 2—Plaintiff is entitled per the parties' August 26, 2021 stipulation to maintain "a four-inch beard … for the pendency of [this] litigation." ECF No. 30-1. It is also Plaintiff's position that, contrary to Paragraph 10 above, this stipulation does not apply only while Plaintiff is "assigned to his current duty assignment." As noted, the stipulation persists "for the pendency of the litigation." ECF No. 30-1. And it would violate Plaintiff's constitutional, statutory, and regulatory rights, as well as the parties' stipulation, if Defendants denied him a transfer of duty assignment based on his religious exercise.

13. In light of the May 27 memorandum and the June 11 review date, Plaintiff joins Defendants' request that the Court order the parties to file another Joint Status Report by August 3, 2026, to provide the Court with an update on possible resolution of the case.

Dated: June 4, 2026

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *Johnny Walker*
JOHNNY H. WALKER, D.C. Bar 991324
Assistant United States Attorney
601 D Street St. N.W.
Washington, D.C. 20530
(202) 252-2511
johnny.walker@usdoj.gov

*Attorneys for the United States of America*

Respectfully submitted,

/s/ *Eric S. Baxter*
ERIC S. BAXTER (D.C. Bar No. 479221)
DANIEL BLOMBERG (D.C. Bar No. 1032624)
DIANA VERM THOMSON (D.C. Bar No. 1811222)
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW, Suite 400
Washington, DC, 20006
(202) 955-0095 PHONE
(202) 955-0090 FAX
*ebaxter@becketlaw.org*

Amandeep S. Sidhu (D.C. Bar No. 978142)
Winston & Strawn LLP
1901 L St., NW
Washington, DC, 20036-3506
(202) 282-5828 PHONE
(202) 282-5100 FAX
*asidhu@winston.com*

*Counsel for Plaintiffs*